In the Matter of HERMAN AGOGLIA, Respondent, against EDWARD P. MULROONEY, as Police Commissioner of the City of New York, Appellant.

(Argued June 2, 1932; decided July 19, 1932.)

*Arthur J. W. Hilly, Corporation Counsel* (*J. Joseph Lilly* and *Milton I. Hauser* of counsel), for appellant. Petitioner has failed to establish a clear legal right to the peremptory order of mandamus. (*People ex rel. McMackin* v. *Board of Police,* 107 N. Y. 235; *People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212; *Matter of Eiss* v. *Sommers,* 205 App. Div. 619; *Matter of Hamburger* v. *Board of Estimate,* 109 App. Div. 427; *Matter of Brooklyn Imp. Co.* v. *Pounds,* 174 App. Div. 446; *Matter of Spanhake* v. *Teachers' Retirement Board,* 224 App. Div. 75; 249 N. Y. 605; *People ex rel. Armstrong* v. *Warden,* 183 N. Y. 223; *People ex rel. Wineburgh* v. *Murphy,* 195 N. Y. 126; *People ex rel. Duryea* v. *Wilber,* 198 N. Y. 1; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635; 240 N. Y. 689; *Lincoln Trust Co.* v. *Williams Bldg. Corp.,* 229 N. Y. 313; *Lang's Creamery* v. *City of Niagara Falls,* 224 App. Div. 483; 251 N. Y. 343; *People ex rel. Ritter* v. *Wallace,* 160 App. Div. 787; *People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473.) The action of the defendant in denying the application for a license to conduct a cabaret was not capricious,

arbitrary or unreasonable and constituted no abuse of discretion. (*Matter of Ormsby* v. *Bell*, 218 N. Y. 212; *People ex rel. Empire City* v. *State Racing Comm.*, 190 N. Y. 31; *People ex rel. Ruth* v. *Leo*, 197 App. Div. 942; *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313; *Mannix* v. *Frost*, 100 Misc. Rep. 36; 181 App. Div. 961; *Message Photo-Play Co.* v. *Bell*, 179 App. Div. 13.)

*Jacob Shientag* for respondent. The petitioner is entitled to a peremptory mandamus order. (*People ex rel. Duryea* v. *Wilber*, 198 N. Y. 1.) The action of the defendant is capricious, arbitrary and unreasonable and constitutes an abuse of discretion. (*Picone* v. *Commissioner of Licenses*, 241 N. Y. 156; *Sauseer* v. *Department of Health of City of New York*, 242 N. Y. 66; *Larkin Co.* v. *Schwab*, 242 N. Y. 330.)

*Per Curiam.* Local Law No. 12, enacted in 1931 by the Municipal Assembly of the city of New York, prohibits the operation of a public dance hall or a cabaret without a license issuable by the Police Commissioner. No such license shall be issued unless, among other things, the place sought to be licensed " in the opinion of the Police Commissioner is a safe and proper place to be used as a public dance hall or a cabaret." It is not without significance that the law in question transferred jurisdiction over the issuance of dance hall and cabaret licenses from the Department of Licenses to the Police Commissioner.

Petitioner herein applied for a cabaret license. The Police Commissioner refused to issue it because in his opinion the place sought to be licensed was not a safe and proper one to be used as a cabaret. This refusal has been held by the Special Term and by the Appellate Division to have been capricious and unreasonable. The Police Commissioner has been commanded by a peremp-

tory order of mandamus forthwith to issue and deliver the license applied for.

We learn from the petition itself that in the immediate neighborhood of the petitioner's premises there are four pool rooms in operation; also that within a few hundred feet is located a public school. The Superintendent of Schools in a letter to the Police Commissioner opposes issuance of the license because of the propinquity of the proposed cabaret to the school. The decision of the Police Commissioner was based upon a consideration of those facts as well as upon records of the Police Department and certain reports received through regular police channels, the exact purport of which does not appear. Under such circumstances the refusal of the Commissioner of Police to issue the license can hardly be said to have been capricious or unreasonable. The petitioner has, therefore, shown no clear legal right, and the Commissioner's opinion, rather than that of the courts, must control. (*People ex rel. Schwab* v. *Grant*, 126 N. Y. 473, 481; *People ex rel. Empire City Trotting Club* v. *State Racing Comm.*, 190 N. Y. 31, 33; *Matter of Ormsby* v. *Bell*, 218 N. Y. 212, 216; *Lang's Creamery, Inc.*, v. *City of Niagara Falls*, 251 N. Y. 343, 346, 347.)

The orders should be reversed and the motion for peremptory mandamus denied, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Orders reversed, etc.