In the Matter of the Application of EUGENE ORTIZ and Others Petitioners, for an Order of Mandamus against WILLIAM FELLOWS MORGAN, JR., as Commissioner of Public Markets, Weights and Measures of the City of New York, Respondent.

Supreme Court, Special Term, New York County, May 21, 1936.

*Vito Marcantonio,* for the petitioners.

*Paul Windels, Corporation Counsel [Charles Weinstein* of counsel], for the respondent.

MILLER, J. Petitioners seek to obtain an order of mandamus against the commissioner of markets for his refusal to reissue to them permits for space on Park avenue between One Hundred and Third and One Hundred and Fifth streets for market purposes. In

this proceeding made subsequent to an application for similar relief by one Anna Goldman, reargument upon which has been pending, respondent has submitted new facts. These additional facts have tended to clarify the situation.

. By ordinance duly adopted, the board of aldermen designated the above-mentioned streets for market purposes. The petitioners have heretofore occupied places on these streets under permits which the commissioner now refuses to renew. Section 1 of article 1 of chapter 15 of the Code of Ordinances provides that " All * * * market places " are placed " under the *control* of the department of public markets," and " the commissioner of public markets " is given " charge of all vehicles, including pushcarts, from which market produce is sold." It is also provided by this section that " *Rules* for the * * * care and use of markets, fees or stands and *space* in markets, *permits* and leases for business in the markets, shall be made by the commissioner."

The grounds for the commissioner's refusal to renew the permits follow as the result of the construction at considerable cost to the city of new buildings for market purposes on Park avenue between One Hundred and Eleventh and One Hundred and Sixteenth streets, in which petitioners have been assigned space. The new market was intended to do away with the unsanitary conditions attendant upon the use of the open air pushcart markets and the obvious menace to life and limb of both vendors and customers arising from the increased traffic on upper Park avenue. The petitioners have shown neither arbitrary nor unreasonable conduct on the part of the commissioner, nor have they even shown that any real hardship has been visited upon them. Some of them have actually accepted and are now occupying the space assigned to them in the new market. They have not shown any public inconvenience arising from the new policy of the commissioner. Their sole argument is virtually that the ordinance permitting the use of these streets for market purposes has never been repealed by the board of aldermen. The designation of street market areas by chapter 15, article 2, does not make it mandatory to maintain them where such use becomes a menace to public health and safety. In any event, the space to be used by any licensee and the number of persons to whom permits may be issued within the area designated are matters clearly within the discretion of the commissioner.

Under the circumstances here disclosed, neither the letter nor the spirit of the ordinance should be interpreted in a mandatory sense. (*Matter of Dr. Bloom Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358.) The case of *People ex rel. Storekeepers' Assn.* v. *Hylan* (118 Misc. 341, at pp. 343, 344), cited by the petitioners, in reality

reinforces respondent's position. There the court says: "As a general rule the granting of the writ of mandamus has always been regarded as resting in the sound discretion of the court * * *. While it has often been held that the writ will not issue unless the right which it is designed to enforce is clear * * * it does not follow that it necessarily issues upon the mere establishment of such right or even the absence of any other legal remedy. * * * The modern tendency is to regard it as largely discretionary."

The petitioners have shown neither a clear legal right nor even an abuse of discretion, and "the commissioner's opinion rather than that of the courts, must control." (*Matter of Agoglia* v. *Mulrooney*, 259 N. Y. 462, at p. 465.)

The motion for an order of mandamus is denied.