■ JOHN GALLO, Respondent, v. JOHNSON OIL COMPANY, INC., et al., Appellants.— In an action for specific performance of a contract under which defendants agreed to furnish to plaintiff a complete system for retailing gasoline and motor fuels to the general public, to lend to plaintiff the equipment constituting such system, and to supply plaintiff with gasoline therefor, defendants appeal from a judgment of the Supreme Court, Rockland County, entered April 22, 1959, in favor of plaintiff, after trial before an Official Referee. Judgment affirmed, with costs. · No opinion. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur; Ughetta, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Plaintiff operates two gasoline pumps in connection with his refreshment stand business. Defendants are distributors of gasoline in the county. During the contract period there came into existence a new type of gasoline pump designed to mix gasoline with octane concentrate in variable proportions. The complaint demands, and the judgment directs, that defendants at their expense install and lend to plaintiff such new type pump and its associated equipment, and supply plaintiff with the octane concentrate. Neither the new type pump, nor the octane concentrate, is referred to in the contract. At all times defendants have continued to lend equipment to plaintiff and to supply him with gasoline, in compliance with the contract. The court may not enlarge the terms of the contract beyond the intent of the parties thereto (*Mandel* v. *Liebman,* 303 N. Y. 88, 95).

■ MICHAEL P. GRACE, II, Appellant, v. REAL PROPERTY OWNERS, INC., Respondent.— In an action under article 15 of the Real Property Law for a judgment declaring plaintiff's ownership interest in certain premises known as Arthur Farm, and for other relief, plaintiff appeals: (1) from an order of the Supreme Court, Nassau County, entered November 16, 1959, granting defendant's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice; and (2) from the judgment of said court, entered thereon on December 3, 1959, dismissing his complaint. Order affirmed, with $50 costs and disbursements. Judgment affirmed, with costs. · No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ In the Matter of JOHN CAMUGLIA, Petitioner, against THOMAS F. ROHAN et al., Constituting the New York State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the respondent State Liquor Authority denying petitioner's application for a restaurant liquor license. By order of the Supreme Court, Westchester County, dated August 11, 1959, the proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296). Determination confirmed, without costs. No opinion. Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur.