■ In the Matter of PAULINE SCHIAVONE, Respondent, v. JOSEPH SCHIAVONE, Appellant.— Appeal from so much of an order of the Family Court, Suffolk County, dated April 12, 1967, as directed that appellant's right of visitation with the parties' child is rescinded. Order reversed insofar as appealed from, on the law and the facts and in the exercise of discretion, without costs. The record does not indicate any reason or circumstance which would warrant the rescission of appellant's visitation right. In our opinion, such rescission was an abuse of discretion. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of 308 NELSON REST. INC., Respondent, v. STATE LIQUOR AUTHORITY et al., Appellants.— Judgment of the Supreme Court, Kings County, dated June 22, 1967, which (1) annulled the determination of the State Liquor Authority disapproving petitioner's application for a special on-premises liquor license and (2) directed the Authority to issue such license, reversed, on the law, with $30 costs and disbursements, proceeding dismissed on the merits and determination confirmed. No questions of fact were considered. Petitioner's principal stated, during the course of an investigative interview conducted by the Authority, that he had considered hiring as a bartender a person whose reputation, according to law enforcement officials in the community in which the premises for the proposed license are located, is that of a strong arm man and bar room brawler. In our opinion, the Authority thus could properly conclude that petitioner's principal lacked judgment in the selection of prospective employees for the operation of the proposed tavern and cabaret and that such lack of judgment would endanger the lawful conduct of his proposed enterprise if petitioner were licensed (see, *Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465; *Matter of Agoglia* v. *Mulrooney*, 259 N. Y. 462). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.