### (June 28, 1968)

In the Matter of CHARLES J. FARONE et al., Doing Business as CHATEAU DU LAC MOTOR INN, Respondents, v. STATE LIQUOR AUTHORITY, Appellant.— Per Curiam. Appeals (1) from a judgment of the Supreme Court, entered February 2, 1968 in Albany County which annulled the determination of the

State Liquor Authority refusing to grant petitioners a hotel liquor license, and directed the State Liquor Authority to issue the same, and (2) from an intermediate order of the Supreme Court, entered January 19, 1968, which directed that a trial be held before the court. The petitioners who applied for the liquor license are Charles Farone, an attorney in the City of Schenectady, and Anthony Guidarelli who owns and operates a gift shop at 441 Broadway in the City of Schenectady. One Gerald Guidarelli, who has a long police record for gambling activities, some conducted on the 441 Broadway premises, is the father of Anthony Guidarelli and father-in-law of Charles Farone. In July, 1967 the petitioners purchased the motel, restaurant and bar where the hotel liquor license was to be used, for approximately $390,000, with an initial investment of but $30,000, this in cash, and the balance in notes and mortgages. Anthony Guidarelli invested $10,500 represented by a loan of $7,500 from his grandfather, and $3,000 in cash on hand. Charles Farone invested $19,800 represented by funds from savings accounts and his business checking account. Commingled in the checking account were a client's funds, ball park receipts, legal fees and moneys from other sources. The record contains a number of inconsistencies relative to the source of funds claimed to be cash on hand. The Authority disapproved the license by reason of the fact that the use of cash on hand prevented it from determining the real source of the funds to be invested; that it was not satisfied that the petitioners were the true and sole parties in interest; and, that it was not satisfied with the financing of the venture. The determination of whether a person is entitled to a liquor license is within the discretionary power of the State Liquor Authority. (Alcoholic Beverage Control Law, §§ 2, 17.) "In such cases the 'inquiry [of the court] is limited to a determination whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion'" (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465, 468.) It is entirely within the province of the Authority to require a showing of financial stability and a real stake in the business on the part of licensees. (*Matter of Graziani* v. *Rohan*, 10 A D 2d 154; *Matter of Tobkes* v. *O'Connell*, 272 App. Div. 240.) On the record presented, the evidence of a close family relationship between both petitioners and a known convicted gambler, the purchase of the proposed premises with notes and extended mortgage financing, and the use of borrowed funds and cash on hand from unverified sources as the initial investment provide a reasonable basis for the judgment by the Authority that petitioners were not the sole parties in interest, and had not established satisfactory financing of the venture. The refusal to grant the liquor license to petitioners, under the circumstances, was not arbitrary or capricious. (*Matter of Palmisano* v. *State Liq. Auth.*, 20 A D 2d 621; *Matter of Kindzia* v. *State Liq. Auth.*, 27 A D 2d 638; *Matter of Intino* v. *Hostetter*, 29 A D 2d 625.) In view of our reversal, the other matters raised by appellant need not be reviewed. Judgment reversed, on the law and the facts, without costs. Petition dismissed, and determination of State Liquor Authority confirmed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.