■  IRVING J. BELDEN et al., Respondents, v. STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.— Order unanimously reversed, without costs and determination of the State Liquor Authority confirmed. Memorandum: The action of the State Liquor Authority in refusing to issue a· license to petitioners was neither arbitrary, capricious nor without any rational basis. An application of the applicants was filed with the Authority on August 2, 1967. The answer to the question of whether either of the applicants had been arrested or indicted or served with a summons for any crime or offense of any kind, was that applicant Irving J. Belden had been charged with the crime of incest on January 15, 1952, but not convicted. There was nothing said about any arrest, indictment or conviction against the applicant Janet L. Belden. A personal history sheet of the applicant Janet L. Belden, attached to the application, answered that she had never been convicted. Upon investigation by the State Liquor Authority, it was determined that she had been convicted of robbery, first degree, in 1946 as a youthful offender. This first application was denied. A later application (the one now in question) was filed November 6, 1967, and it contained a statement that the charge of incest against applicant Irving Belden was based upon a complaint of incest with his daughter and that Janet Belden had been adjudged a youthful offender and placed on three years' probation. In a letter from her lawyer submitted with the reapplication, it was stated: " Insofar as Janet Belden is concerned, she informs me that the reason that the information relative to her being treated as a ' youthful offender ' at the time she was 18 years of age,

was not disclosed to the Liquor Authority was the fact that she had been informed that any and all proceedings relative to a youthful offender were absolutely confidential, and need not be disclosed in any form for any purpose whatsoever." This explanation does not satisfy the requirements of an honest and candid answer to the questions of the original application, if, in fact, the State Liquor Authority had simply relied on the negative answer given by applicant Janet Belden in the first application, it would not have known of this previous arrest and conviction. While a conviction as a youthful offender affords some protection to the one convicted, it does not necessarily satisfy the questionnaire of the State Liquor Authority. It has been well established for many years that there is no inherent right to a retail liquor license. It is a matter of privilege, and that privilege is afforded only to those of high standing and character. These applicants do not qualify on the character basis, and the determination of the State Liquor Authority was well considered and not arbitrary or capricious. (Cf. *Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465, 468.) (Appeal from order of Oswego Special Term directing issuance of license.) Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Marsh, JJ.