■  In the Matter of 1522-1526 Second Ave. Rest., Inc., Respondent, v. State Liquor Authority, Appellant.— Order entered July 2, 1968, remanding proceeding to the State Liquor Authority for reconsideration, reversed on the law, the petition dismissed and the determination of the Authority confirmed, with $50 costs and disbursements.  On this record there is no need of further consideration on the part of the Authority.  The Authority in a creditable opinion has already set forth its reasons for refusing to approve the application for a change in the petitioner's corporate structure.  The Authority was well within its competence in finding the financing of the venture to be one of dubious origins, that the applicants lack qualifications to give the premises the care and supervision they require and that there is a reasonable apprehension Authority's rule 54 [9 NYCRR 48.1-48.9] would be contravened by a granting of the application.  With clear support from the facts and the rationality of the Authority's conclusions being manifest, no warrant exists for judicial intervention.  (*Matter of Colton* v. *Berman,* 21 N Y 2d 322, 334; *Matter of Wager* v. *State Liq. Auth.,* 4 N Y 2d 465, 468.)  Concur — Stevens, J. P., Steuer, Tilzer, McGivern and McNally, JJ.

■  In the Matter of Alphonso O., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order entered April 5, 1968 unanimously reversed on the law, without costs or disbursements, and the matter remanded for a rehearing. (See *Matter of Steven B.,* 31 A D 2d 442.)  Concur — Botein, P. J., Stevens, Eager and Capozzoli, JJ.

## (November 26, 1968)

■  In the Matter of the Arbitration between Motor Vehicle Accident Indemnification Corporation, Appellant, and Saul May, Respondent.— Order entered December 20, 1967, herein appealed from, unanimously reversed on the law, with costs and disbursements to abide the event, and the motion for a stay granted pending a preliminary hearing.  On the facts stated there is a substantial question raised regarding operation and control of the vehicle allegedly involved in the accident.  A preliminary hearing should be held to judicially determine such issue of operation and control (*Matter of MVAIC* [*Malone*], 16 N Y 2d 1027; *Matter of Harris* [*MVAIC*], 25 A D 2d 634).  Respondent, in fact, consents to a stay for such purpose.  Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.

■  In the Matter of the People of the State of New York ex rel. John Ross, Petitioner, v. Clerk of the County Supreme Court, Indictment Parts, 100 Centre Street, New York City, et al., Respondents.— Application pursuant to article 78 of the CPLR for an order requiring the responsible party to furnish petitioner with certain documents unanimously denied and the petition dismissed. Concur — Botein, P. J., Stevens, Eager, Steuer and Capozzoli, JJ.