■     In the Matter of EUGENE RIOS, Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— STALEY, JR., J. Appeal from a judgment of the Supreme Court at Special Term, entered August 5, 1968 in Albany County, which dismissed a petition to compel the issuance of an on-premises liquor license. On or about July 20, 1967 appellant applied for an on-premises liquor license for the premises known as The Fiesta, a restaurant located in the City of Kingston. On August 17, 1967 the Ulster County Alcoholic Beverage Control Board disapproved the application, and on December 13, 1967 the State Liquor Authority issued an order disapproving the application. This order was issued upon the Authority's

determination that, based upon the adverse license history of the premises and the criminal record of appellant, approval of the application would create a high degree of risk and hazard in the administration and control of the Alcoholic Beverage Control Law, and that public convenience and advantage would not be served by approval of the application. A prior license issued for the premises was revoked on April 4, 1963 after a hearing on charges that the licensees, appellant and John Carter, had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that they suffered or permitted gambling on the premises and appellant had been convicted of bookmaking in violation of section 986 of the Penal Law constituting improper conduct under subdivision 14 of rule 36 of the Rules of the State Liquor Authority (9 NYCRR 53.1[m]). The criminal record of appellant reveals that between July 30, 1959 and May 31, 1963, he had been arrested and charged (1) with bookmaking on July 31, 1959 which charge was dismissed; (2) with bookmaking on July 22, 1961, and upon this charge he was found guilty after a jury trial and fined $500, and sentenced to 10 days in jail; (3) with gamekeeping in violation of section 970 of the Penal Law on May 31, 1963 to which he pleaded guilty and was sentenced to serve 10 days in the Ulster County Jail; and (4) with keeping a gaming establishment in violation of section 973 of the Penal Law on May 31, 1963 which charge was dismissed. Appellant contends that the determination of the State Liquor Authority was arbitrary and capricious and an abuse of discretion in that it completely disregarded the undisputed evidence establishing the rehabilitation of the appellant and the change in conditions subsequent to 1963. The State Liquor Authority is clothed by statute with discretionary power to determine whether a person may be licensed to traffic in alcoholic beverages. (Alcoholic Beverage Control Law, § 17.) There is no inherent right to a liquor license, such licenses being issued as a privilege only to those of high standing and character. (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465; *Belden* v. *State of N. Y. Liq. Auth.*, 30 A D 2d 1045.) Whether the action of the Authority in disapproving an application for a license is arbitrary or capricious is determined by resort to the established principles of law governing judicial review; namely, that in the absence of clear and convincing proof, that an administrative body has acted without reasonable basis, its determinations will be sustained, even though a court might be inclined to feel that it would itself have arrived at a different result. (*Matter of Wager* v. *State Liq. Auth.*, *supra*; *Matter of Restaurants & Patisseries Longchamps* v. *O'Connell*, 271 App. Div. 684, affd. 296 N. Y. 888.) While the Authority has the duty in exercising its discretion to consider and reconsider all relevant information available to it from its official records in arriving at a decision as to the approval or disapproval of a license application, (*Matter of Agoglia* v. *Mulrooney*, 259 N. Y. 462; *Mater of Fink* v. *Cole*, 1 N Y 2d 48), the failure of the Authority to mention certain evidence or the weight assigned to it in its opinion does not establish a breach of this duty, particularly where, as in the instant case, the evidence was accepted by the Authority at the hearing and made a part of the record. In attempting to establish his contention that the Authority breached its duty and completely disregarded the evidence of his alleged rehabilitation, appellant refers to paragraph "Fifth" of the Authority's answer wherein the Authority "denies any knowledge or information as to the allegations contained in paragraphs '7', '10', and '13' of the petition and further the same are immaterial in the determination herein sought to be reviewed." Certainly the Authority could properly deny any knowledge or information as to these allegations in the petition which related to appellant's financial ability to further educate his children; to the assumptions upon which the recommendations in favor of appellant were based; and to the fact that appellant had been licensed as a real

estate broker. The allegations in paragraph "FIFTH" of the answer do not support appellant's contention that the Authority disregarded the evidence relating to his alleged rehabilitation. The determination of the Authority is supported by substantial evidence and is founded upon a reasonable basis in the record, and was not arbitrary, unreasonable or capricious. Judgment affirmed, with costs to respondent. Gibson, P. J., Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Staley, Jr., J.; Aulisi, J., not voting.