■ In the Matter of P. G. P. ENTERTAINMENT CORP., Respondent, v STATE LIQUOR AUTHORITY, Appellant.—Judgment, Supreme Court, Bronx County, entered August 2, 1979, which annulled the SLA's determination, dated April 25, 1979, denying petitioner's application for an on-premises liquor license and which directed the issuance of that license forthwith, reversed, on the law, petition dismissed and the SLA's determination reinstated, without costs. It is for the State Liquor Authority (SLA) to determine whether the public interest will be served by the issuance or denial of a particular liquor license. Unless it is clear that there was no substantial reason for the exercise of its discretion, the courts will not interfere with the SLA's determination on a particular application. *(Matter of Restaurants & Patisseries Longchamps v O'Connell,* 271 App Div 684, 687, affd 296 NY 888.) In arriving at a determination, the SLA may consider all relevant information available to it upon the application (cf. *Rios v State Liq. Auth.,* 32 AD2d 995). The premises proposed by the petitioner were designed to accommodate over 200 patrons and to provide live entertainment. While these premises did not fall within the "two hundred feet" prohibition of subdivision 7 of section 64 of the Alcoholic Beverage Control Law, the SLA properly took cognizance of the fact that they were otherwise in close proximity to churches, a temple and a school. In view of the fact that the premises were targeted for a highly sensitive area, the SLA was justified in scrutinizing petitioner's application very carefully. The record before the SLA indicated that neither of the stockholders in the petitioner had any experience in the liquor or the entertainment business. Because the stock-holders lacked the necessary experience to operate premises of this size and character in this delicate community setting, there was a rational basis for the SLA's denial of petitioner's application for an on-premises liquor license. *(Matter of Camuglia v Rohan,* 11 AD2d 718, affd 9 NY2d 745; *Matter of Soul Scene v State Liq. Auth.,* 35 AD2d 574; *Matter of 1522-1526 Second Ave. Rest. v State Liq. Auth.,* 31 AD2d 534.) Hence, it was error for the court at Special Term to substitute its judgment for that of the SLA. *(Matter of Glintenkamp v O'Connell,* 271 App Div 795, affd 296 NY 806.) Concur— Murphy, P. J., Birns, Fein, Lupiano and Ross, JJ.

■ MURIEL J. TATE, Respondent, v STEPHEN L. TATE, Appellant.—Order, Supreme Court, New York County, entered April 23, 1979, and judgment entered thereon on April 30, 1979, unanimously affirmed without opinion. Order, Supreme Court, New York County, entered July 6, 1979, insofar as it awarded plaintiff a counsel fee in the sum of $1,000 and denied plaintiff's application for an order requiring defendant to post a surety bond "without prejudice to a renewal in the event that defendant does not diligently prosecute his appeal," unanimously modified, on the facts and in the exercise of discretion, to strike the provision for a counsel fee and the provision relating to diligent prosecution of defendant's appeal. As so modified, the order is affirmed, without costs. The circumstances disclosed in the present record do not justify the award of an additional counsel fee. Nor was it appropriate for Special Term to condition the denial of the primary relief sought by plaintiff upon defendant's diligent prosecution of an appeal. Such is the prerogative of the Appellate Division. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Sullivan, JJ.