Hon. Edward J. McLaughlin Chairman State Liquor Authority Division of Alcoholic Beverage Control
Your counsel has asked whether section 126 of the Alcoholic Beverage Control Law (ABC law) forbids a corporation from trafficking in alcoholic beverages because an individual who is the vice-president, secretary, and a 50% stockholder of the corporation was previously the president of a corporation convicted of a Class E felony.
It will be noted that under section 126(4) the Legislature has explicitly made the eligibility of a corporation depend upon the criminal record of its directors and principal officers, not upon the criminal record of another corporation with which one of its directors or principal officers was affiliated.
While the rules of statutory construction lead to the conclusion that section 126 does not as a matter of law forbid the corporation you describe from trafficking in alcoholic beverages, the Authority may nevertheless consider a corporate conviction in making a licensing; renewal or revocation decision. It is beyond dispute that the liquor industry has a significant impact upon the health, welfare and morals of the people of the State and that the industry must, of necessity, be strictly controlled (Cameron St Rest. v New York State Liq. Auth.,48 N.Y.2d 509, 512 [1979]). It is well settled that the State has broad powers to regulate every facet of the liquor industry (ibid.; Seagram Sons v Hostetter, 16 N.Y.2d 47, 56-57 [1965] affd 384 U.S. 35 [1966]). The State Liquor Authority has discretionary power to determine who may be licensed to traffic in alcoholic beverages and whether to revoke, cancel or suspend a license or permit (Alcoholic Beverage Control Law, § 17 [1] [3]; Rios v New York State Liq. Auth., 32 A.D.2d 995 [3d Dept, 1969]). The discretion of the Authority to deny a new application or a renewal application is broader than in revoking or suspending a license (Matter of Sled Hill Cafe v Hostetter, 22 N.Y.2d 607, 612
[1968]). In reviewing the exercise of this discretion, the courts are limited to a determination of whether the record discloses circumstances which leave no possible scope for the reasonable exercise of such discretion (ibid.).
It is well settled that there is no inherent right to a retail liquor license (Belden v New York State Liq. Auth., 30 A.D.2d 1045 [4th Dept, 1968]). It is a matter of privilege, and that privilege is afforded only to those of high standing and character (ibid.).
For examples of the wide discretion of the Authority to deny a license or a renewal see Matter of Wager v New York State Liq. Auth., 4 N.Y.2d 465
(1958); Rios v New York State Liq. Auth., supra; Farone v New York StateLiq. Auth., 30 A.D.2d 752 (3d Dept, 1968); Intino v Hostetter,29 A.D.2d 625 (4th Dept, 1967).
In granting to the Liquor Authority these broad discretionary powers to determine who may be licensed to traffic in alcoholic beverages, we believe the Legislature intended the Authority to peer behind the corporate veil and use its best judgment on a case-by-case basis to deny licensure to those who are not deserving. Here, the fact that corporations can be convicted of crimes only due to the actions of individuals is assuredly relevant to the Authority's deliberations. The Authority has the responsibility to look into the activities of these individuals to determine their fitness for licensure, or the fitness of any partnership, corporation or other entity with which they are prominently affiliated. If the Authority is reluctant to fulfill this responsibility, the Legislature should provide additional standards to insure that those of questionable standing and character do not by wrapping themselves in a corporate mantle slip through the enforcement structure and into an industry to the prejudice of the health, welfare and morals of the people of the State.