In the Matter of Abraham Kaplan, Appellant, v. John F. O'Connell et al., Constituting the New York State Liquor Authority, Respondents.

First Department, December 17, 1952.

*Samuel Bernstein* (*Thomas R. Strahan* with him on the brief), for appellant.

*William Hoppen* of counsel (*Alvin McKinley Sylvester, Counsel, State Liquor Authority,* attorney), for respondents.

BREITEL, J. The State Liquor Authority denied an application by petitioner for a license to sell beer for consumption in his eating place, a luncheonette. The grounds for denial were lack of visibility of the interior of the premises from the street and lack of adequate toilet facilities. Special Term denied a review of the determination sought by a proceeding under article 78 of the Civil Practice Act. Petitioner appeals.

Concededly the Authority has followed a policy of requiring visibility and toilet facilities for premises receiving eating place beer licenses. The premises in question do not meet those requirements. The premises are a grocery store or delicatessen, with a back room in which there are two tables, a sink, and a number of chairs. A large refrigerator obscures the view into the premises. The toilet facilities are in the building but separated from the store by a public hallway.

The objection to the Authority's action is that there is no express warrant in the statute to require visibility and toilet facilities for a beer dispensing place. There is such statutory requirement, with respect to visibility, for liquor and wine dispensing places (Alcoholic Beverage Control Law, § 106, subd. 9). Thus it is argued that the Authority exceeded its power in making such requirement for a beer dispensing place, as well as in making the requirement with respect to toilet facilities.

The error in that view is that it assumes that because the statute imposes a minimum requirement for wine and liquor places, that the Authority is without power to impose additional requirements with regard to either wine or liquor places, or a beer place. It is not difficult to understand that the Legislature would find it desirable to impose the minimum standards for

places dispensing the beverages of higher alcoholic content, and leave it to the administrative agency, in its discretion, supported by reasonable bases, to impose or omit similar or other requirements on beer places.

Under section 17 of the Alcoholic Beverage Control Law, the Authority has some discretionary power with respect to the issuance or refusal to issue licenses. To limit the agency to the minimum expressed statutory requirements would frustrate it in effecting the broad policy for which section 2 of the law is a clear expression. It should be emphasized that under review is an initial license application, and not a cancellation or renewal application.

The facts of this particular case show the desirability of the agency having a broader power, and demonstrate the reasonableness, given the power, of its action in refusing the license. An obscured beer dispensing place without toilet facilities in immediate relation to the premises is not the kind of place for alcohol consumption that the policy of the State, as generally expressed in the law, contemplated. An obscured drinking place is not one in which the law can be efficiently enforced, and therefore lends itself to illegal abuse.

The orders should be affirmed, with $20 costs and disbursements to respondents.

DORE and COHN, JJ., concur; PECK, P. J., and VAN VOORHIS, J., concur in result with the following memorandum: We think that the action of the State Liquor Authority in denying the license, because of inadequate toilet arrangements was not arbitrary or capricious. It is not necessary to pass upon any other ground for denying the license.

Orders unanimously affirmed, with $20 costs and disbursements to the respondents. [See *post*, p. 746.]