Per Curiaon.

The petitioner, a licensed solicitor for a liquor wholesaler and an owner of a vending machine company and two automobile agencies, was denied an annual renewal of his permit on the ground that through the intermingling of the activities of the petitioner, he associated all his enterprises with the sale of liquor in a way ‘ ‘ not * * * conducive to the proper regulation and control of the Alcoholic Beverage Control Law ”.
The discretionary power to determine whether or not a person may be licensed to traffic in alcoholic beverages or act as a *468 solicitor by appropriate permit has been conferred upon the State Liquor Authority. The renewal of such licenses and permits is likewise vested by statute in the Authority. In considering the merits of this applicant for renewal of a license or permit, this ‘ ‘ application for a renewal is to be regarded in exactly the same manner as an application for a new license ” (Matter of Restaurants Longchamps v. O’Connell, 271 App. Div. 684, 686, affd. 296 N. Y. 888). In such eases the “ inquiry [of the court] is limited to a determination whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion ” (Matter of Stracquadanio v. Department of Health, 285 N. Y. 93, 95, 96). Since “ There is no inherent right in a citizen ” to engage in the business of selling intoxicating liquors (Crowley v. Christensen, 137 U. S. 86, 91; Bertholf v. O’Reilly, 74 N. Y. 509, 517), the test of the legality of the exercise of the discretionary power is solely whether the agency acted arbitrarily or capriciously (Matter of Barry v. O’Connell, 303 N. Y. 46, 58, 59).
On the record presented the evidence of the close relationship between petitioner’s activities as a permittee, vending machine operator and automobile dealer with retail liquor licensees, did provide a reasonable basis for the considered judgment' of the Authority that petitioner’s course of conduct was incompatible and inconsistent with the responsibilities assumed by a licensed solicitor under the Alcoholic Beverage Control Law and possibly violative of the rules and regulations of the Authority.
■So construed, we find that the record is such that the disapproval of the application by the Authority was an act within the compass of its discretionary power.
Accordingly, the order should be reversed and the petition dismissed, with costs in this court and in the Appellate Division.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur; Judge Fuld dissents and votes to affirm upon the ground that the record, disclosing no violation of any provision of law, any rulé of the State Liquor Authority or any misconduct on the part of petitioner, contains nothing to support the determination made by the Authority.
Order reversed, etc.