Mario Pittoni, J.
Application for an order, pursuant to article 78 of the Civil Practice Act, directing the respondents to approve the removal by the petitioner from premises at No. 225 to No. 248 Sea Cliff Avenue, Sea Cliff, New York. The respondents, pursuant to section 1293 of the Civil Practice Act, move to dismiss the petition as insufficient in law.
Briefly stated the 12-page petition reveals: that after seven years of conducting a bar and restaurant at 225 Sea Cliff Avenue the petitioner had the opportunity in 1959 to purchase premises at 248 Sea Cliff Avenue, known as the American Legion Hall; that a contract providing for a sale contingent upon the petitioner obtaining the necessary waivers and consent to removal by the State Liquor Authority (hereafter Authority) was entered into on August 30, 1959; that on September 1, 1959 petitioner applied to the Authority for a waiver of rule 45 of the Rules of the State Liquor Authority (rule 45 provided, insofar as pertinent, that a removal application would not be considered unless the licensee obtained permission from the Authority on papers showing [a] good and sufficient cause and/or [b] “ public convenience and advantage will be served”); that on October 1, 1959 the Authority granted the waiver of rule 45; that on October 21, 1959 a petition for removal to 248 Sea Cliff Avenue was filed; that on February 1, 1960 the petition was disapproved on the ground that the new premises were within 350 feet of an established church which had protested the removal; that on March 23,1960 the Authority held a hearing with respect to petitioner’s request for recon *1091 sideration; that on April 29,1960 the petitioner received notice from the Authority that a new petition for removal could be. filed; that on May 10, 1960 a new petition was filed; that on August 30, 1960 the Authority denied the new petition on the ground that “ The proposed location is located in close proximity to and within 350 feet of the Sea Cliff Methodist Church ’ ’; that the proposed location is in excess of 200 feet from said church-—in fact, approximately 350 feet; and that between the proposed location and the church there is a retail liquor store.
Section 2 of the Alcoholic Beverage Control Law empowers the Authority to determine “ whether public convenience and advantage will be promoted by the issuance of licenses * * * and the location of premises ”, Subdivision 7 of section 64 provides in part that “ No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively osa * * * church ’ \
The respondents contend that the Authority is not limited to the minimum statutory requirement of 200 feet. With that contention this court agrees, provided however that there is a factual basis for imposing a greater requirement as to distance. In Matter of Kaplan v. O’Connell (281 App. Div. 46, affd. 305 N. Y. 850), cited by the respondents, the Appellate Division, by Bbeitel, J., wrote, at pages 47-48, “ It is not difficult to understand that the Legislature would find it desirable to impose the minimum standards for places dispensing the beverages of higher alcoholic content, and leave it to the administrative agency, in its discretion, supported by reasonable bases, to impose or omit similar or other requirements (Emphasis supplied.) In Matter of Willmont Liquors v. Rohan (2 Misc 2d 768), cited by the respondents as specifically in point, Mr. Justice Matthew M. Levy wrote, at page 776, “ The statute involved in the instant case plainly states that a license shall not be transferred ¿ to any other premises * * * except in the discretion of the authority ’. (Alcoholic Beverage Control Law, § 111.) This, of course, does not mean that the admimstrative agency involved may decide a particular case without a reasonable basis in the record.” (Emphasis supplied.)
The sole reason given by the respondents for a denial of the removal was that the proposed location was within 350 feet of an established church. u When reasons are enumerated, such reasons, when challenged, will be scrutinized, to ascertain if the conclusion reached is or may be rationally supported. Under the circumstances, enumeration of reasons is tantamount to *1092 definition, explanation and restriction ” (Matter of Wanetick v. State Liq. Auth., 8 A D 2d 706, 707 [emphasis supplied]). There are no facts stated in the respondents’ determination, and no conclusion made thereon that the public convenience and advantage would not be promoted by the relocation. To merely hold, without more, that the location is within a certain distance (in excess of 200 feet) from a church is not enough. “ 1 Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.’ ” (Matter of Barry v. O’Connell, 303 N. Y. 46, 52-53.) As in Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518), where the exclusion by the Authority of liquor stores from modern shopping centers ‘ ‘ without regard to * * * the facts of any particular case ” (p. 523) was held to be arbitrary and capricious, so too the adoption of a particular distance in excess of 200 feet, without regard to the facts, is unreasonable.
Accordingly, respondents’ motion is denied. An answer may be served and the matter renoticed as provided in section 1293 of the Civil Practice Act.