**OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Plaintiff in Error,**

v.

**P. A. McCULLEY, d/b/a Mac's Liquor Store, Defendant in Error.**

No. 39811.

Supreme Court of Oklahoma.

Oct. 16, 1962.

Rehearing Denied Jan. 8, 1963.

Mac Q. Williamson, Atty. Gen., J. H. Johnson, Asst. Atty. Gen., for plaintiff in error.

Shutler, Shutler & Baker, Kingfisher, for defendant in error.

JOHNSON, Justice.

The appellee, P. A. McCulley, d/b/a Mac's Liquor Store, operates a package liquor store at 1616 S. W. 29th Street in Oklahoma City, Oklahoma. The premises, formerly used as a residence, consist of four rooms, designated in the record as a sales room, an office, a storage room and a delivery room. No part of the house is used as a residence. The package store license described the premises by address only. From the description of the locations of the various rooms, it is certain that the sales room and "delivery room" were both used in connection with the liquor business. The room about which this controversy centers was between the sales room and delivery room.

Two inspectors of the Alcoholic Beverage Control Board called at the premises on November 7, 1960. They both testified that they found an opened pint bottle of bourbon whiskey in the refrigerator in a room back of the sales room.

Thereafter a hearing was had resulting in the suspension of McCulley's license for a period of ten days. He perfected an appeal to the District Court of Oklahoma County, Oklahoma, where a trial de novo was had. The trial court found for the defendant, the journal entry reciting:

"* * * It is found, ordered, adjudged and decreed by the Court that the portion of the premises wherein the refrigerator of the appellant was situated was not available to the search of the inspectors for the Oklahoma Alcoholic Beverage Control Board

without a search warrant and that they could not lawfully enter same by reason thereof. * * *"

The court did not base its judgment on a finding that the opened liquor was not there. It must therefore be assumed that the court believed it was there, or the above finding would not have been necessary.

The statute, 37 O.S.1961 § 537, provides among other things:

"(c) No person holding a package store license under this Act shall:

\* \* \* \* \* \*

"(2) Suffer or permit any retail container to be opened, or any alcoholic beverage to be consumed, on his licensed premises;"

No contention is urged that an opened container was not in the refrigerator.

■ Section 539(a), Title 37 O.S.1961, contains the following:

" * * * This Section shall not be construed to require a search warrant for duly authorized agents of the Board to enter upon and inspect any licensed premises, but such right of entry and inspection shall be a condition on which every license shall be issued and the application for, and acceptance of, any license hereunder shall conclusively be deemed to be consent of the applicant and licensee to such entry and inspection."

The licensee therefore consented by the acceptance of the license to a search of the premises without a search warrant.

The sole question in this appeal is therefore: Was the room where the opened container was found a part of the "licensed premises"?

■■ It is attempted to draw a distinction between the right to inspect and the right to search. We are of the opinion that this is mere quibbling. If it were not so, why would the legislature have provided that it would be unnecessary to have a search warrant to inspect the premises. Thus we are relegated to the question propounded, supra. At the outset, it would appear strange that the premises admittedly used for the liquor business, the sales room and the delivery room, should both be a part of the premises, but the room in between and used for communication between the two would be no part thereof. We can place no such construction upon the definition contained in Section 506(20), Title 37 O.S.1961, which reads:

" 'Premises' includes the building, rooms, and equipment under the control of the licensee and used in connection with or in furtherance of the business covered by a license."

Where an area furnishes a means of communication between necessary parts of a business and is a portion of the licensed location, it is "used" within the meaning of such statute.

In connection with the above, we are impressed with the following excerpt from Boynton v. State, (Fla.) 64 So.2d 536:

"The words 'place of business' as used in Beverage Law requiring that liquor licensee agree that his place of business shall be subject to search without search warrant means the licensed premises and includes not only the rooms where liquors are stored or sold by [the] licensee, but also all other rooms in the building which are so closely connected therewith as to admit of free passage from drink parlor to other rooms, provided licensee has some dominion or control over, or right to use, such other rooms."

Cause reversed for new trial with directions to proceed in accordance with this opinion.

WILLIAMS, C. J., and WELCH, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, V. C. J., and IRWIN, J., concur in result.