Frank J. Kronenberg, J.
Stella J. Kindzia, petitioner herein, seeks a judgment directing that the State Liquor Authority grant her application for an on-premises liquor license for an establishment in Niagara Falls, New York, known as the Whirlpool Bar and Restaurant.
The State Liquor Authority, by law, has the discretionary power to issue or to refuse a license. It is not for the courts to second guess the Authority, nor should the courts attempt to substitute their judgment for the judgment of the Authority.
However, the State Legislature did not grant the Liquor Authority a carte blanche to issue or refuse licenses as it pleased. The test of the proper exercise of the discretionary power of the Authority is solely whether the Authority acted in a manner that was not arbitrary or capricious and did not abuse the power so granted. (Matter of Barry v. O'Connell, 303 N. Y. 46; Matter of Fink v. Cole, 1 N Y 2d 48; Matter of Kaplan v. O'Connell, 281 App. Div. 46, affd. 305 N. Y. 850.)
The petitioner, following the prescribed procedure, filed her application with the Niagara County A. B. C. Board and the board, after conducting its investigation, recommended disapproval to the Buffalo District Office of the State Liquor Authority.
The District Office held a statutory hearing at which a Deputy Commissioner confronted the applicant and examined her fully concerning her application and the report of the Niagara County Board, said examination covering some 34 typewritten pages. Both the State Liquor Authority and the applicant had counsel.
Said Deputy Commissioner submitted a memorandum to the Licensing Board covering some seven pages and concluded his report as follows:
‘£ I find that applicant stated if a license is granted to her she will impose upon herself the following conditions: —
££ 1) That her husband, Walter J. Kindzia will deed to her all his rights, title, and interest in the property and in the business known as the Whirlpool Bar and Restaurant.
££ 2) That her husband will have no part in the conduct or in the operation of the business either directly or indirectly.
*417 “ 3) That her hush and shall at no time appear or physically be present on the licensed premises.
“ I find that applicant in the year 1960 had an appraisal made of the real-estate and business from various reliable sources and that the total estimated value was between $200,000. to $250,000. and that during the year 1961 and 1962 gross earnings from this enterprise was around $100,000.
‘ ‘ I find that applicant and her husband made a determined effort to sell the property and business since cancellation but that no bonafide offer was received.
“ I find that an extreme financial and personal hardship has been experienced by applicant and her family since the cancellation.”
The Deputy Commissioner then recommended approval “ Subject to husband, Walter J. Kindzia, having no part in the conduct or in the operation of the business either directly or indirectly.”
The District Board made specific findings of fact contrary to the Local Board and unanimously recommended approval subject to the conditions as above enumerated.
When the District Office forwarded its recommendation to the State Liquor Authority, the Authority was put on notice that the Local Board executive officer strongly opposed the granting of a license and that he expressed his thoughts in a four-page memorandum.
The Authority by a four-to-one vote reversed the District Office and disapproved the application. This led to the ‘ ‘ Article 78 Proceeding ” that is now before the court.
The Authority reviews a “ Record ” which consists of: (1) the application and other written statements; (2) the report of the investigation made in the first instance by the Local Board; and (3) the hearing before the District Board.
The court has mentioned the rules by which the Authority is bound and that they cannot act arbitrarily; nor can the Authority, which must act on a “ Record ”, and which does not have the opportunity to confront the applicant (District Board), nor the opportunity to make the initial investigation (Local Board), make a decision with a reasonable basis as required by law if the initial investigation is not approached with a fair and open mind, and is biased, prejudiced and arbitrary.
If there is anything in the “ Record ” in this matter to justify the findings of the 'State Liquor Authority and its disapproval of the application herein, such justification must be found in the report of the Niagara County A. B. C. Board and its executive officer, who made the investigation. If said report *418 is biased, prejudiced and arbitrary, how can the action of the Authority be anything but arbitrary?
In examining the report above mentioned, it must be kept in mind that Stella J. Kindzia is the applicant, and that she has certain individual rights that must be considered.
In the first paragraph the investigator states: “ As the sacred scripture says * * $ the husband and wife are one ”, and concludes that the sins of the husband are passed on to the wife.
lie continues with the following excerpts that have absolutely no. bearing on the applicant herself except to show that the investigator is so disturbed by other happenings that he cannot investigate her matter fairly or objectively, and that he has assumed a totally arbitrary attitude as far as the application of Stella J. Kindzia is concerned:
“ Their attorney, Vincent White, a nephew and former associate of David A. White who represented Walter’s first cousin, Joseph J. Kendzie licensed under Mag. RL-1743 in Lockport after making four other applications, one of them subsequent to Mag. RL-1743, for his premises, and after being originally disapproved by the State Liquor Authority on that application on January 8, 1953 was finally licensed thereunder on March 4, 1954. In the meanwhile, said White appealed the first disapproval of the S. L. A. to the Appellate Division which in a divided vote held that the S. L. A.’s determination of questionable finances had not been supported in the hearing. That was because the S. L. A. introduced the local board’s investigative reports into the record without calling the persons who made them which incidentally was not objected to by said attorney. Instead of appealing as a matter of right or holding a second hearing and conducting it properly, the S. L. A. went ‘ chicken ’ and issued the license. Then, the federal government after a lapse of many, many years during which some of the witnesses died and others were unavailable prosecuted Joseph Kendzie for income tax evasion with one of the most incompetent attorneys I ever have seen. No need to narrate the result. The S. L. A. and the government fumbled one of the best cases any one ever had. In fact, a member of the U. S. Attorney’s office told me they had a strong case but he still ‘ blow ’ it.
u Now, another White is about to perform another miracle. He has discussed with me the ‘ sensitivities ’ and the ‘ hardships ’ in this case and he obviously has coached his clients who turn the tears on and off like a child does a water faucet but for a different reason. The salt water always starts running when the real issues are discussed. He ’phoned me to seek an adjournment of the investigative interview first scheduled *419 because he would be unable to attend it. And then, when I told him he could not attend it — -I literally put his uncle out of our office because he persisted in answering questions I put to Joseph Kendzie under Niag. RL-1835 after being warned at least three times — he said he wanted an opportunity to talk to them ‘ over the weekend ’ before the next scheduled interview. ’ ’
He continues to discuss Walter Kindzia, applicant’s husband, none of which refers to the applicant.
Finally, the investigator discusses the matter of Melody Foods, Inc. This relates to an application made by a corporation with which the applicant has no connection nor did the applicant’s husband have any connection with said corporation.
A reading of said report clearly indicates to the court that the executive director of the Niagara County A. B. C. Board was obsessed with his desire to deny the applicant a license.
This court finds that the action of the County Board was arbitrary and that the subsequent action of the State Liquor Authority which had to be based on the record submitted was also arbitrary. Consequently, petitioner’s application is granted, with costs.
A judgment and order should be entered granting the license, subject to the restrictions imposed by the District Board.