M. Henry Martuscello, J.
Petitioner in this article 78 proceeding seeks a review of a determination of the New York State Liquor Authority which disapproved his application for *558 a retail liquor package store license and asks for a direction by this court that such license be issued.
The New York City Liquor Board initially recommended approval of this application by unanimous vote. By written memorandum dated March 24, 1967 a Deputy Commissioner of the State Authority recommended approval of the application “ subject to views” of respondent as to his report. Another written memorandum from another Deputy Commissioner and also dated March 24, 1967, reviewed the investigation made by the Authority’s representatives and also recommended approval. This same record shows that by a determination of the Authority dated March 23, 1967 the application was finally disapproved. The memorandum of the Authority recites in part ‘ ‘ Application disapproved for substantially the same reasons as previous application ”.
Applicant is 29 years old. Apparently there is no objection to his financial capabilities in this undertaking. He has no arrest record. The nearest competitor to the proposed store will be 1,200 feet away and there is no objection on the basis of such proximity. Applicant has been employed as a clerk since 1957 in a liquor package store owned by his mother and father in the Borough of Brooklyn. A brother of applicant has a license for a similar store in Brooklyn issued approximately two years ago.
Subdivision 2 of section 54 of the Alcoholic Beverage Control Law which controls procedure on such applications, states, “ In the event that the liquor authority refuses to issue such license it shall state and file in its office its reasons ”. In apparent compliance with this statutory mandate there is annexed to the notice of disapproval a statement of reasons for the action of the Authority. To this statement is attached a copy of th¿ reasons for rejection of a prior application by petitioner for a license at another location. Disapproval of this prior application was based on proximity to three churches and because issuance of this license would ‘1 result in three liquor package stores in the same family and in the same general area of Bedford-Stuyvesant ”.
With respect to this instant application, the Authority states that there is a church approximately 450 feet distant and another church “ one block” further and claims also that ‘ ‘ approval of this application would result in three liquor package stores in the same family and in the same general area of Brooklyn ”. No attempt is made to precisely define “ same general area ’ ’ and no sketch, map or survey is attached showing the relative locations of these stores. The investigation record *559 does not describe the premises in which either church is located. However, applicant alleges in an affidavit annexed to the petition that the nearer church is housed in a “ ‘ store ’ mission without a congregation in a building used for other purposes ” and hence was not “ occupied exclusively as a school, church ” (see Matter of Corbett v. Maravento, 61 N. Y. S. 2d 211, affd. 270 App. Div. 1038). Neither the answer nor the affidavit of the Authority’s chairman attempts to refute this. Subdivision 3 of section 105 of the Alcoholic Beverage Control Law which governs such a question, provides: “No retail license to sell liquor and/or wine for off-premises consumption shall be granted for any premises which shall be located on the same street or avenue, and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship”. Of course, as the Authority’s counsel points out, it is not slavishly limited to the minimum statutory requirements and may in the exercise of reasonable discretion impose additional requirements (Matter of Kaplan v. O’Cormell, 281 App. Div. 46, affd. 305 N. Y. 850; see, also, Matter of Drew v. State Liq. Auth., 2 A D 2d 75). I do not believe, however, that the objection of the Authority to this applicant’s alleged proximity to the churches is well founded or reasonable. (Matter of Waverly Rest. Corp. v. State Liq. Auth., 24 A D 2d 985).
The remaining reason stated for disapproval of this application, that granting of the license would result in three licenses issued to the same family, does not appear to be tenable on the slim grounds advanced by the Authority. The rejection of the previous application for another location was sustainable solely because it was actually within the proscribed distance from at least one church on the same street or avenue. Hence, in view of such a valid objection, the further reason advanced for that disapproval, that it would result in a third license for this family, whether valid or not, required no consideration. However, in the present circumstances, it remains the only reason which bars issuance of the license and merits very serious consideration.
Section 17 of the Alcoholic Beverage Control Law in general terms vests the Authority with discretion in the conduct of its duties and the issuance of licenses. Subdivision 16 of section 105 provides in particular: “No retail licensee to sell liquors and/or wines for off-premises consumption shall be interested, directly or indirectly, in any premises where liquors, wines or beer are manufactured or sold at wholesale or any other premises where liquor or wine is sold at retail for off-premises consumption, by stock ownership, interlocking directors, mortgage or *560 lien on any personal or real property or by any other means ’ There is no prohibition, expressly or by implication, in the Alcoholic Beverage Control Law regarding issuance of licenses to more than one member of a family. To my knowledge, the Authority has not seen fit to adopt or promulgate any regulation governing this question. The rejection of the prior application by the Authority, whether necessary or not to a valid determination, could possibly be taken as an attempted exercise of its discretion in the particular circumstances affecting that application at that location. However, upon assertion of the identical ground in this case for another location, I must assume that the Authority intends to cloak this objection with the dignity of a policy statement.
If that be the Authority’s purpose, I must reject it. The affidavit of the chairman of the Authority in this proceeding in an attempt to bolster their view, states: “ Such multiple ownership in one family would tend to stifle competition as to prices charged to consumers, to create anti-competitive practices and would constitute an adverse factor in the licensing of additional package stores in the area ’ ’. Logically, if this view be adopted, members of the same fraternal or other organization could be similarly barred for there is nothing that persons who happen to be members of the same family could do that these persons could not do to “ stifle competition ’ ’. However, a member of such an “ objectionable ” organization could disassociate himself if his affiliation militates against the approval of an application, but a member of a family has no such choice. He is irrevocably condemned by the accident of birth. I do not know whether such a statutory enactment would be valid constitutionally, but I am convinced that even if valid this is a matter which should be reserved to the Legislature by way of enlargement of the grounds specified in subdivision 16 of section 105 or elsewhere.
The exercise by the Authority of its discretion in passing on applications such as this is unassailable by a court unless there is convincing proof that it has exercised such discretion arbitrarily or unreasonably (Matter of Wager v. State Liq. Auth., 4 N Y 2d 465; Matter of OBM Rest. Corp. v. State Liq. Auth., 23 A D 2d 726; Matter of Gambino v. State Liq. Auth., 4 A D 2d 37, affd. 4 N Y 2d 997). However, where the Authority has exceeded such discretion, as in this case, a court has not only the power but the duty to annul such a determination (Matter of Wanetick v. State Liq. Auth., 8 A D 2d 706).
The .reasons assigned for the rejection by the Authority do not in my view justify their refusal of the license sought. However, in justice to the Authority, I believe a remand is indicated *561 for the purpose of reconsidering this application on all the facts ‘ ‘ without reliance on the invalid * # * prohibition ” (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 527). In any event, such a remand is indicated because of the determination by the Authority which apparently occurred the day preceding the memoranda reports of its two Deputy Commissioners.
The determination is annulled and the matter remitted to the Authority for further consideration accordingly.