■ In the Matter of JOHN INTINO, JR., Respondent, v. DONALD S. HOSTETTER et al., Constituting the STATE LIQUOR AUTHORITY, Appellants.— Order unanimously reversed, and determination of State Liquor Authority confirmed, without costs. Memorandum: The State Liquor Authority appeals from an order of Oneida Special Term directing a trial at Special Term in this article 78 proceeding to annul appellant's denial of petitioner's application for a special on-premises (entertainment) liquor license. The order does not specify the issues to be tried. In our opinion there are no such issues in the record and the order should be reversed. (Cf. *Matter of O'Brien* v. *Commissioner of Educ.*, 3 A D 2d 321, 325.) The proceeding having reached this court with the complete record before us, it is to be treated as though it had been transferred and is properly before us (*Matter of Koppel* v. *Hults*, 20 A D 2d 669). We are required, therefore, to ascertain whether the refusal to grant a liquor license to petitioner was arbitrary or capricious (CPLR 7804, subd. [g]). Petitioner has a contract for the purchase of premises in the City of Utica which were operated at one time as a night club under the name of the Show Bar. The real property is owned by Henry and Beatrice Cittadino, both of whom have criminal records. In 1960, while the premises were licensed to Joseph Talerico (Cittadino's nephew), the liquor license was

revoked on the ground, among others, that Talerico permitted Cittadino to avail himself of the license. Thereafter, four applications for a license for the premises were denied. Although petitioner is not related to Cittadino and proposes an outright purchase of the premises, he has had no experience in the operation of a night club. The night club adjoins premises also owned by Cittadino, which played a part in the revocation of Talerico's license. The fact that Cittadino had experience in operating the night club and would continue to own and operate the adjoining premises, while petitioner has had no such experience, raises a strong suspicion that petitioner, whose only business experience had been the operation of a brake service shop, would in fact be a mere front for Cittadino. The whole record discloses a reasonable basis for the judgment of the Authority that petitioner's operation of the business would not be free from Cittadino's participation and interest in it. The refusal to grant a liquor license to petitioner under the circumstances was not arbitrary or capricious. (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465; *Matter of Kindzia* v. *State Liq. Auth.*, 27 A D 2d 638.) (Appeal by permission from order of Oneida Special Term granting a trial of the issues.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.