William R. Geiler, J.
This is a proceeding brought on pursuant to article 78 of the CPLR for a judgment annulling and setting aside the respondent’s determination disapproving petitioner’s application for a restaurant liquor license for its premises located in Hampton Bays, New York and directing the respondent to issue such a license.
The petitioner is a domestic corporation and Pericles Bakas, an American citizen, is its sole officer and director. The stock of the corporation is equally owned by Pericles Bakas and his brother, Anastasios Bakas, a Canadian citizen.
The petitioner filed an application with the Suffolk County Alcoholic Beverage Control Board for a restaurant liquor license on May 1,1969 for premises located at the intersection of Routes 24 and 27A, Hampton Bays, New York. The application was approved by the Suffolk Board and sent to the respondent’s office in New York City for its determination.
Thereafter, the' petitioner’s attorneys were advised by an employee of the respondent that Anastasios Bakas, because of his Canadian citizenship, would have to divest himself of his ■stock interest bef ore the application would be approved. Accordingly, the two stockholders of petitioner corporation entered into an agreement whereby Pericles Bakas became the sole stock *593 holder and agreed to pay Anastasios Bakas for his interest by a series of promissory notes. This agreement was filed with the restaurant liquor license application which was before the respondent board.
The respondent, without affording petitioner a hearing, denied the application on the ground that petitioner has perpetrated a subterfuge to contravene the intent and purposes of sections 126 and 160 of the Alcoholic Beverage Control Law.
The respondent’s decision in effect states that the individual, who is not a citizen of the United States and does not come from a country which has a reciprocal trade agreement, cannot hold stock in a corporation applying for a liquor license in the State of New York.
What is the function of the court on an application to review a determination of the respondent board? What test should be applied by the court in reviewing a determination by the respondent board?
The court, in the case of Matter of Fink v. Cole (1 N Y 2d 48) clearly answered these questions in the. following language at page 53: “ The test of judicial review is to determine whether the action of the commission was arbitrary or capricious, i.e., without a reasonable basis. (Matter of Kaplan v. O ’Connell, 281 App. Div. 46, affd. 305 N. Y. 850.) ”
Was the determination of the respondent board arbitrary and capricious? Was its application of section 126 of the Alcoholic Beverage Control Law arbitrary and capricious as applied to petitioner’s application?
Subdivision 4 of section 126 provides as follows: “ A copartnership or a corporation, unless each member of the partnership, or each of the principal officers and directors of the corporation, is a citizen of the United States, not less than twenty-one years of age, and has not been convicted of any felony or any of the misdemeanors, specified in section eleven hundred and forty-six of the former penal law, * * * or if so convicted has received, subsequent to such conviction, an executive pardon therefor removing this disability or a certificate of good conduct granted by the board of parole pursuant to the provisions of the executive law to remove the disability under this section because of such conviction ”.
The reading of this statute clearly indicates that those persons are not forbidden to traffic in alcoholic beverages if they are a corporation and each of its principals and officers, and more than one half of its directors are citizens of the United States. Thus, there is no prohibition against granting a license to a corporation merely because one of its stockholders is a Canadian *594 citizen. The respondent has evidently added an additional proviso to section 126 to the effect that an individual, who is not a citizen of the United States and does not come from a country which has a reciprocal trade agreement, cannot hold stock in a corporation applying for a liquor license in the State of New York.
Does the respondent have the authority to add such a proviso under the guise of discretion? Is the respondent’s discretion unlimited ?
Judge Stanley Fuld, in the case of Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518, 522) clearly enunciated the principles to be followed with reference to the discretion of the respondent herein: ‘ ‘ The State Liquor Authority is vested with a broad discretion in deciding whether to allow the transfer of a license from one premises to another (Alcoholic Beverage Control Law, §§ 2, 111; see, e.g., Matter of Rockower v. State Liq. Auth., 4 N Y 2d 128; Matter of Wager v. State Liq. Auth., 4 N Y 2d 465; Matter of Gambino v. State Liq. Auth., 4 A D 2d 37, affd. 4 N Y 2d 997), but, obviously, that discretion is not unlimited. It must be a discretion truly exercised and ‘ within the law ’ (Matter of Barry v. O’Connell, 303 N. Y. 46, 52), for it is ‘ the duty of the courts to set at naught arbitrary and unfounded administrative holdings ’. (Matter of Rumsey Mfg. Corp. [Corsi], 296 N. Y. 113, 118; see, also, Matter of Dowsey v. State Liq. Auth., 7 N Y 2d 795, affg. 8 A D 2d 724; Mutter of Cowen v. Reavy, 283 N. Y. 232, 237.) We ‘ owe deference to the Authority ’, we wrote in Matter of Barry v. O’Connell (303 N. Y. 46, 52-53, supra), 1 in the exercise of its discretion within the law. That discretion, however, cannot be invoked outside the law. * * * ‘ ‘ Laws are made by the law-making power, and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.” (Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157, 162.) ’ ”
There is no other provision contained in the Alcoholic Beverage Control Law which prohibits the granting of, a license to a corporation merely because one of its stockholders is a Canadian citizen. The respondent confirmed this fact as evidenced by the following statement contained in its pamphlet dated July 1966 at page 12 and entitled ‘1 Information to Applicants for Retail Licenses ”:
“ Applications for licenses are occasionally filed by corporations listing ownership of all or nearly all of the corporate stock by a disqualified non-citizen and listing as directors and officers the names of persons who aré not so disqualified.
*595 “ Where such persons are bona fide directors and officers who will participate in the conduct of the licensed business and perform the usual duties of their offices, the ownership of the stock shall not of itself constitute a bar to the approval of the application.”
The State Liquor Authority may have the greatest expertise in its field, but the people of this State have not selected it to pass their laws and it cannot usurp the power of the peoples’ representatives in Albany.
The principle articulated by the court in the case of Matter of Small v. Moss (277 N. Y. 501, 507) is appropriate to the instant proceedings: “ The limits of reasonable discretion are transgressed where refusal is based upon a- ground which under the statute the licensing officer may not consider or upon a ground which is not supported by any evidence. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330.) Arbitrary refusal of a license in such case to a fit and proper applicant is a wrong to him ”.
The respondent has transgressed the limits of reasonable discretion and its determination is hereby annulled and set aside. A license shall be issued to the petitioner herein.