In the Matter of HAROLD M. SILVERMAN, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.

Second Department, March 24, 1975

*Buchman & Buchman (Abraham M. Buchman, Abraham Walters and Leonard H. Bloom* of counsel), for petitioner.

*Eli Ratner (Martin P. Mehler* of counsel), for respondent.

LATHAM, J. In this proceeding under CPLR article 78 the petitioner challenges the validity of the decision and order of the New York State Liquor Authority which canceled his solicitor's permit upon its finding that he had failed and refused to co-operate with it, in violation of its rules and regulations.

The issue to be determined is whether the authority may properly revoke a solicitor's permit which it had issued merely because the permittee, upon advice of counsel, refused to comply with a subpoena duces tecum issued against him pursuant to an ongoing investigation of him by the authority and duly challenged the validity thereof in accordance with the procedure established in the CPLR.

Pursuant to a direction from the authority, the petitioner appeared with counsel before an auditor of the authority named Fred Bergsmann on March 12, 1973. Mr. Bergsmann was investigating an anonymous tip received by the authority to the effect that the petitioner was giving kickbacks to retailers. In furtherance of his investigation, Mr. Bergsmann directed the petitioner to furnish him with certain personal papers, not necessarily pertaining to his business, including the petitioner's Federal income tax returns for the previous several years. The petitioner's attorney told Mr. Bergsmann that these papers were beyond the authority's reach and that they would not be produced. Subsequently, Mr. Bergsmann issued a subpoena duces tecum against the petitioner, over the name of Deputy Commissioner John J. Ryan, directing the production of these very same items. The petitioner thereafter appeared before Mr. Bergsmann again, on September 14, 1973. This time, the petitioner produced all items sought, with the exception of his income tax returns. However, in accord with CPLR 2304 and through counsel, he requested that the authority modify its subpoena because it was vague and the remaining documents sought (specifically, the income tax

returns) were neither relevant nor material to the inquiry being made.

Upon the petitioner's refusal to submit his tax returns as demanded, he was charged as follows: "The conduct of the permittee in his failure to cooperate with the State Liquor Authority and to supply all the items set forth in the subpoena duces tecum was of such improper nature as to warrant revocation, cancellation suspension of his permit pursuant to Rule 36 (1)n of the Rules of the State Liquor Authority [9 NYCRR 53.1n]."

The petitioner was accorded a hearing, which was presided over by Deputy Commissioner Arzt. After reviewing the facts as presented at the hearing and the pertinent law, the deputy commissioner determined that the charge against the petitioner was not sustainable on the record before him. He held that Mr. Bergsmann was apparently going on a fishing expedition when he demanded the production of the petitioner's Federal income tax returns and that the use of the subpoena duces tecum to buttress the demand appeared to him to be contrary to established law. He stated, too, that, assuming that the subpoena had been properly issued by an individual authorized to issue it under subdivision 10 of section 17 of the Alcoholic Beverage Control Law, the procedure dealing with the enforcement thereof is dictated by the CPLR and that the authority may not properly institute revocation proceedings against a licensee, who refuses to comply therewith, without first pursuing the remedies for enforcement contained in the CPLR.

The authority rejected Deputy Commissioner Arzt's findings of law and fact, as well as his recommendation that the charge against the petitioner was not sustainable on the record before him, and substituted its own findings and conclusions, holding that the petitioner had willfully disobeyed and refused to comply with a duly issued subpoena and that the charge against him was sustainable on the record.

Thus, the issue here is *not* whether the authority can require the production of relevant books and records, or whether the petitioner's tax returns are relevant to the inquiry, or whether he is protected as to such matter by a right of confidentiality.

The simple and narrow issue, as I see it, is whether the authority, under a charge of "failure to cooperate", may arbitrarily cancel a license when the licensee in good faith

challenges the relevancy and confidentiality of the documents sought under a subpoena and merely seeks to test the subpoena in accordance with the provisions of the governing statute. I disagree with my dissenting colleague Mr. Justice HOPKINS that a simple request for documents, if refused, may serve as a basis for revocation.

The statutes appear to be quite clear. Subdivision 10 of section 17 of the Alcoholic Beverage Control Law provides that subpoenas issued under its provisions shall be regulated by the CPLR. The CPLR provides for a specific manner of testing the validity and propriety of a subpoena. When a nonjudicial subpoena which is not returnable in a court is issued and the person against whom it is directed wishes to contest it, he must first "request" the person or agency that issued it to withdraw or modify it (CPLR 2304). If this results in refusal, a motion may thereafter be made in the Supreme Court "to quash, fix conditions or modify" the subpoena (CPLR 2304). If the party against whom such a subpoena is issued fails to comply therewith, the issuing agency may seek to enforce it in the Supreme Court and may, upon a finding that the subpoena is proper, seek to have the subpoenaed party punished for contempt (CPLR 2308, subd. [b]). Administrative sanction would appear to be the next logical step.

The record before this court establishes that a subpoena was issued against the petitioner by the authority, that he and his attorney both believed that certain items demanded therein were not properly sought and, according to the procedure established by the Legislature, as is set forth in the CPLR, he contested it. Before he had an opportunity to proceed to move to quash the subpoena, the authority charged him as above stated and canceled his permit upon a finding that the record established that he had failed to co-operate with the authority.

Subdivision (n) of section 53.1 (formerly rule 36) of the rules of the authority (9 NYCRR 53.1 [n]), which the petitioner was charged with, and found guilty of violating by the authority provides that any permit issued may be canceled "for improper conduct by the permittee * * * which conduct is of such a nature that if known to the Authority, the Authority in its discretion could properly deny issuance of a permit or license or any renewal thereof because of unsatisfactory character and/or fitness of such person." I cannot agree with the authority's finding that the petitioner's refusal to comply with what he and his attorneys considered to be an improper

demand and an overreaching subpoena, and his pursuance of the statutory procedure of contesting the subpoena, amounted to such conduct as is proscribed by the authority's rule. In my opinion, the authority's decision was arbitrary and capricious and was not supported by substantial evidence. To hold otherwise would permit an administrative agency to demand the production of any document and, upon lawful refusal or failure of the individual to provide it, or upon his contest of the agency's right to demand it, sanction the individual in a way probably most damaging to him.

Two items of significance remain to be mentioned.

First, the subpoena duces tecum issued by the authority against the petitioner was, I think, invalid in that it was issued over Deputy Commissioner Ryan's name by Mr. Bergsmann. Section 17 of the Alcoholic Beverage Control Law states that the authority is empowered to issue subpoenas and that this authority may be delegated, *inter alia,* to its deputy commissioners. While Mr. Ryan, the purported signatory of the subpoena, was a deputy commissioner, his name did not appear on the list of those persons authorized by the authority to issue subpoenas which was admitted into evidence at the petitioner's hearing. While Mr. Bergsmann, the person who actually issued the subpoena, did have his name on the list, there is no statutory authority for delegating the authority's subpoena power to an auditor. This situation presents more than mere technical errors which may be brushed off lightly. The Alcoholic Beverage Control Law operates in derogation of the common law and should therefore be strictly construed and the issuance of a subpoena by unauthorized persons should be carefully scrutinized (see, e.g., *Cudahy Packing Co. v Holland,* 315 US 357, 363).

Second, it appears to be questionable whether the authority was invested by the Legislature with the power to issue subpoenas as part of an ongoing investigation and as a predicate to charging a licensee or permittee with a violation of either the authority's rules and regulations or the Alcoholic Beverage Control Law (see CPLR 2302; Practice Commentary on CPLR 2302 in McKinney's Cons. Laws of N. Y., Book 7B, p 194).

It is my opinion that Deputy Commissioner Arzt was correct in his findings, conclusions and recommendation and that the authority's determination is not sustained by the record. In view of this, I do not find it necessary to pass upon the

question of whether the authority could properly seek disclosure of the petitioner's Federal income tax return.

The order of the authority should be annulled, with costs.

HOPKINS, Acting P.J. (dissenting in part). The petitioner is the holder of a solicitor's permit. He was served with a subpoena duces tecum requiring him to produce certain records, including canceled checks, bank records and his income tax returns. He appeared before the respondent with his attorney and produced all the records under the subpoena, except the income tax returns. His attorney stated the returns were joint returns of the petitioner and his wife, who objected to their disclosure, and the attorney claimed confidentiality of the returns pursuant to Federal statutory provisions. Thereupon the respondent charged the petitioner with failure to cooperate, warranting revocation of his permit. After a hearing, his permit was revoked by the respondent.

The respondent is empowered to revoke a permit issued by it for improper conduct of the holder of the permit (9 NYCRR 53.1 [n]). In pursuance of its powers, the respondent may "examine any person under oath and in connection therewith * * * require the production of any books or papers relative to the inquiry" (Alcoholic Beverage Control Law, § 17, subd 10). Though those powers are not beyond constitutional restrictions *(Matter of Finn's Liq. Shop v State Liq. Auth.,* 24 NY2d 647), within the statutory framework governing the sale of liquor generally they are indeed broad (cf. *Matter of Wager v State Liq. Auth.,* 4 NY2d 465).

The true inquiry in each case is whether the respondent was engaged in an investigation within its powers requiring the production of papers relevant to the investigation. Here the respondent alleges that it was investigating a complaint that the petitioner had been giving kickbacks to retailers—conduct, if correct, violative of the statute (Alcoholic Beverage Control Law, § 101-b). Hence, the respondent was entitled to require that the petitioner furnish his books and papers relating to the investigation. In this sense, the issue whether the subpoena duces tecum could be enforced by the respondent disappears, since a simple request could serve as well in requiring the petitioner to bring in his books and records to the respondent's office, and, if he refused, could serve as well as the basis for a revocation proceeding on the ground of his noncompliance with the request.

But in this case the petitioner complied with the subpoena duces tecum, except with respect to the joint income tax returns of himself and his wife. I am prepared to say that the petitioner could not refuse to supply his income tax returns, even in the face of the Federal statute wrapping the return with confidentiality (U.S. Code, tit. 26, §§ 6103, 7213, subd. [a]; see, generally, Ann. 70 ALR2d 240). This is so because the petitioner must be considered to have waived his statutory right to confidentiality when he applied for, and received, his permit (cf. *Colonnade Corp. v United States,* 397 US 72, 73–74, 76–77; *Manchester Press Club v State Liq. Comm.,* 89 NH 442; *Oklahoma Alcoholic Beverage Control Bd. v McCulley,* 377 P2d 568 [Okla]).

In short, the petitioner does not have an absolute right to confidentiality under the statute, and the right falls when a legitimate inquiry by the State requires the disclosure of an income tax return.

That concept of waiver does not, however, reach the objection of the petitioner's wife to disclosure, since the returns in question were joint returns executed by both her and the petitioner. There is no evidence in this record of waiver by the petitioner's wife and, failing waiver, her right of confidentiality prevails against the respondent *(Federal Sav. & Loan Ins. Corp. v Krueger,* 55 FRD 512; *Association of Amer. R. R. v United States,* 371 F Supp 114; *Peterson v Peterson,* 70 SD 385).

I do not at this time consider whether the respondent may be enabled to demonstrate waiver by the petitioner's wife of her right to confidentiality under the statute. I would thus annul the order of revocation, without prejudice to any further proceedings which the respondent may be advised to bring.

MARTUSCELLO, BENJAMIN and MUNDER, JJ., concur with LATHAM, J.; HOPKINS, Acting P.J., concurs in annulment of the order, but dissents to the extent that he votes that the annulment be without prejudice to any further proceedings which respondent may be advised to bring.

Order annulled, on the law, with costs.