■ In the Matter of JOSEPH E. SEAGRAM & SONS, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Determination of respondent State Liquor Authority, dated April 17, 1978, imposing certain sanctions upon petitioner for violations of certain provisions of the Alcoholic Beverage Control Law, confirmed, with $75 costs and disbursements of this appeal to respondent. Our dissenter points out several procedural defects in the presentation of the case against petitioner for engaging in the forbidden practice of paying rebates to its customers. (See *Heublein, Inc. v New York State Liq. Auth.,* 65 AD2d 961.) Suffice it to say that, regardless of anything else presented at the hearing, the case was established by substantial evidence, received properly and unexceptionably, given by officials of both petitioner supplier and its customer, which had received the rebates. Whatever else may be found in the record or possibly was omitted therefrom does not affect the result. Concur—Lupiano, Evans, Markewich and Sullivan, JJ.

Murphy, P. J., dissents in a memorandum as follows: After an administrative hearing, the hearing officer found that Charges Nos. 1 and 2 against petitioner Seagram were sustained but that Charge No. 3 was not sustained. Under Charges Nos. 1 and 2, it was alleged that the petitioner had violated sections 101-b (subd 2, par [b]) and 101 (subd 1, par [c]) of the Alcoholic Beverage Control Law by giving illegal rebates and discounts to Restaurant Associates Industries, Inc. In a determination dated April 17, 1978, respondent State Liquor Authority adopted the hearing officer's findings and imposed a penalty of 10 days suspension or a $20,000 bond claim. Of the various issues raised by petitioner, two merit discussion. First of all, petitioner maintains that the hearing officer erroneously admitted evidence in violation of the following provision in section 118 of the Alcoholic Beverage Control Law: "Notwithstanding the issuance of a license or permit by way of renewal, the liquor authority may revoke, cancel or suspend such license or permit, as prescribed by this section and section one hundred nineteen of this chapter, for causes or violations occurring during the license period immediately preceeding the issuance of such license or permit, and may

recover, as provided in section one hundred twelve of this chapter, the penal sum of the bond on file during said period." At the hearing, counsel for the respondent conceded that violations, prior to March 1, 1975, could not be proven against the petitioner. Notwithstanding that concession, counsel for the respondent, over objection, was permitted to adduce evidence with regard to alleged violations predating March 1, 1975 on the ground such violations showed a "course of conduct." The hearing officer ultimately made the following findings: "I credit the testimony of Messrs. Feinberg and Weinberg, and I find that this licensee from January 1972 through March of 1976 granted rebates on sales of liquor to holders of retail liquor licenses in the total amount of $8,396, and that these gifts were made for the purpose of influencing such retailers to purchase products of this licensee. Accordingly, charges 1 and 2 are sustained". The above-quoted provision of section 118 of the Alcoholic Beverage Control Law is a statute of limitations that restricts the power of the State Liquor Authority in dealing with past offenses of licensees (Matter of Benjamin v State Liq. Auth., 13 NY2d 227, 232). In this proceeding, the respondent conceded that March 1, 1975 was the cutoff date for proving violations against the petitioner. Consequently, evidence of any violation preceding March 1, 1975 was totally irrelevant to the administrative proceeding. Such evidence should not have been received under the guise that it demonstrated "course of conduct". A fair reading of the hearing officer's findings leads to the conclusion that Charges Nos. 1 and 2 were being sustained for all violations in the January, 1972 through March, 1976 period. The record establishes that only one rebate was paid by the petitioner after March 1, 1975 and that rebate was only in the sum of $722. In its brief, respondent makes no attempt to rebut the patent error of the hearing officer in basing his determination upon violations barred by the controlling Statute of Limitations. Secondly, the petitioner maintains that the hearing officer erred in refusing to subpoena respondent's memorandum, dated August 16, 1977, and in failing to determine whether a particular paragraph therein was protected by the attorney-client privilege (CPLR 4503). Prior to the hearing, respondent's counsel had furnished the petitioner with a copy of the memorandum with a paragraph deleted therefrom. Subsequently, petitioner's counsel served a subpoena duces tecum requiring the production of the entire document. Petitioner's attorney was advised that the respondent would not comply with the subpoena because the attorney-client privilege was being claimed with regard to the deleted paragraph. Petitioner's counsel made no attempt to enforce the subpoena duces tecum in court. Instead, it requested the hearing officer to subpoena the document and to determine whether it should be received in its entirety. The hearing officer denied this request without explanation. Upon the respondent's failure to comply with the subpoena duces tecum, the petitioner could have sought to have it enforced under CPLR 2308 (subd [b]) (Matter of Silverman v State Liq. Auth., 47 AD2d 226, 229). Although the petitioner chose not to pursue this remedy under CPLR 2308 (subd [b]), it still had the option to request the hearing officer to subpoena the item. Under subdivisions 10 and 13 of section 17 of the Alcoholic Beverage Control Law, the respondent had the authority to delegate the power of subpoena to certain officials. By resolution, the respondent had duly delegated the power to subpoena to this hearing officer. Under the circumstances of this case, the hearing officer abused his discretion in refusing to subpoena and review the subject document. It is possible, as petitioner contends, that the paragraph was deleted for the sole reason that it might have assisted in the defense rather than for any legitimate claim of

privilege. For the foregoing reasons, the determination, dated April 17, 1978, should be annulled, on the law, and this matter should be remanded for a new hearing.