OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed and the determination of the authority reinstated, with costs.
Petitioner argues that the authority’s disapproval of her application was premised solely and, hence, impermissibly, on the fact of her marriage to one whom the authority considered an unacceptable licensee. There was more here, however, including petitioner’s admitted inexperience in the management of such an enterprise and her avowed intention not to terminate her present employment, which meant that she frequently would not be present during operating hours. Upon this record, taken as a whole, including the fact the husband had previously been found to have operated a licensed establishment as an undisclosed principal, there appearing a rea *817 sonable basis to support the authority’s considered judgment that petitioner would not be the sole party in interest in the premises or the applied for license, its action cannot be said to be arbitrary or capricious (Matter of Wager v State Liq. Auth., 4 NY2d 465, 468; see Matter of Intino v Hostetter, 29 AD2d 625; Alcohol Beverage Control Law, §§ 2, 17).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Gabrielli dissents and votes to affirm in the following memorandum: Since I cannot concur in the majority’s blithe acceptance of a determination premised solely upon the abhorrent concept of guilt by association, I vote to affirm the judgment appealed from for the reasons stated in the memorandum at the Appellate Division (70 AD2d 953).
Judgment reversed, etc.