■ ALM, INC., et al., Appellants, v THOMAS A. DUFFY, as Chairman of the State Liquor Authority of the State of New York, et al., Respondents

Memorandum: Petitioners appeal from a judgment dismissing their CPLR article 78 proceeding in which they sought to annul a condition of the on-premises liquor license granted by the respondent to the petitioner Alm, Inc. The condition is that petitioner James McLaughlin may not be employed or otherwise involved in the operation of the subject premises.

The record discloses a reasonable basis for the determination. There was evidence of prior financial difficulties and questionable business practices of Mr. McLaughlin. Given the fact that the licensee is a former employee of Mr. McLaughlin, has no experience operating a restaurant and is the successor to the stock in Alm, Inc., which was previously owned by Mr. McLaughlin's wife, respondent's conclusion that the applicant might be acting as a mere front for the McLaughlins is not irrational *(Matter of Intino v Hostetter,* 29 AD2d 625, *rearg denied* 29 AD2d 831). Moreover, the licensee notified the State

Liquor Authority in writing that he "will not be a party to any employment agreement with said James McLaughlin." Thus, respondent's determination conditioning the grant of the license was not arbitrary or capricious (see, Matter of Wager v State Liq. Auth., 4 NY2d 465, 468; Bertholf v O'Reilly, 74 NY 509, 517; Matter of Kaplan v O'Connell, 281 App Div 46, affd 305 NY 850). (Appeal from judgment of Supreme Court, Erie County, Mintz, J.—art 78.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.