■ In the Matter of CLEOPATRA RESTAURANT CORPORATION et al., Respondents, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Norman C. Ryp, J.), entered January 22, 1990, which granted the petition in this CPLR article 78 proceeding and remanded the matter to respondent New York State Liquor Authority (SLA), unanimously reversed, on the law and the facts, the petition is denied and the proceeding dismissed, without costs.

Petitioners are four corporations comprising a joint venture which applied for an on-premises liquor license on or about July 18, 1988. In completing the application, Vivian Brahms, the sole shareholder, officer, and director of petitioner Cleopatra Restaurant Corporation, responded affirmatively to the question of whether her spouse had ever been convicted of a crime. Her husband, Maurice Brahms, was then required to submit his own personal questionnaire, in which he answered the question, "WILL YOU TAKE AN ACTIVE PART IN THE OPERATION OF THE BUSINESS TO BE LICENSED" by placing an "X" in the "NO" box.

Despite Maurice Brahms' response on the questionnaire, dated July 18, 1988, he informed the New York City Alcoholic Beverage Control Board in an interview conducted on September 23, 1988, that he intended to assist his wife with the joint venture.

Petitioner's application for an on-premises liquor license was approved on November 29, 1988, with the proviso that respondent SLA was "RELAYING *[sic]* ON STATEMENT THAT

MAURICE BRAHMS WILL HAVE NO CONNECTION WITH THIS VEN-TURE". By letter dated December 15, 1988, petitioner applied to have this condition deleted so as to permit Mr. Brahms to work in the licensed premises. Upon reviewing the matter, the SLA adhered to its conditional approval. This article 78 proceeding ensued, and respondent SLA now appeals from the grant of the petition.

The law is well established that the courts will not disturb the determination of an administrative agency unless it is arbitrary and capricious, and that a determination will not be so deemed where the record discloses a reasonable basis therefor. (See, Matter of Wager v State Liq. Auth., 4 NY2d 465, 468.) This includes determinations by the SLA to grant an on-premises license on the condition that a certain party not be employed or otherwise involved in the operation of the subject premises. (See, Alm, Inc. v Duffy, 140 AD2d 977.)

Upon examination of this record, we find ample support for the agency's finding that Mr. Brahms' involvement with the licensed premises would not be in the public interest. (See, Alcoholic Beverage Control Law § 2.) In addition to a criminal record, which stems from "skimming" operations in connection with the operation of four discotheques, Maurice Brahms has an unfavorable history as a principal of several liquor licensees. In light of this history, which is extensively set forth in the record, respondent's determination has a reasonable basis, and should not have been disturbed. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.