██ In the Matter of COSTCO WHOLESALE CORPORATION, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [4 NYS3d 74]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated February 4, 2013, which disapproved the petitioner's application for an alcoholic beverage control retail license (liquor or wine store), the New York State Liquor Authority appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered October 10, 2013, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

In March 2012, the petitioner, Costco Wholesale Corporation (hereinafter Costco) submitted an application for a liquor license to the respondent, the New York State Liquor Authority (hereinafter the SLA). The license application was in support of a 2,900-square-foot liquor store which Costco sought to open as an adjunct to one of its "big box" stores in Lawrence. After a hearing conducted in June 2012, the SLA disapproved the application on August 1, 2012. Costco then commenced this CPLR article 78 proceeding seeking review of the determination. The Supreme Court granted the petition and directed that the SLA issue the permit for which Costco had applied.

In reviewing the SLA's determination of whether the public convenience and advantage would be served by granting or denying an application for a retail liquor license, the inquiry of

the court is strictly limited to whether the SLA acted arbitrarily and capriciously (see *Matter of Wager v State Liq. Auth.*, 4 NY2d 465, 467 [1958]; *Matter of Rumors Disco v New York State Liq. Auth.*, 232 AD2d 421, 421 [1996]). A determination is "arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; see *Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649, 652 [2013]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Judicial review of a determination by the SLA "is limited to the grounds invoked by the agency" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative [determination] by substituting what it considers to be a more adequate or proper basis" (*id.* at 758 [internal quotation marks omitted]; see *Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 913-914 [1977]). Furthermore, reliance upon an improper basis for its determination requires that the determination be annulled, regardless of whether the SLA also relied, in part, upon valid considerations (see *Matter of P.G.P. Entertainment Corp. v State Liq. Auth.*, 52 NY2d 886, 888 [1981]; see also *Matter of Fairchild Corp. v Boardman*, 56 AD3d 778, 779-780 [2008]).

Here, the bases proffered by the SLA for its decision to deny the application were without factual support in the record. Accordingly, since the asserted bases did not constitute adequate grounds to support the challenged determination, the Supreme Court's order must be affirmed. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.