Matter of 3216 Rest. Corp. v New York State Liq. Auth. (2023 NY Slip Op 06245)

Matter of 3216 Rest. Corp. v New York State Liq. Auth.

2023 NY Slip Op 06245

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-03155
2022-04749
 (Index No. 718989/21)

[*1]In the Matter of 3216 Restaurant Corp., respondent,
v
New York State Liquor Authority, appellant.

Gary Meyerhoff, New York, NY (Lawrence Schwartz and Mark D. Frering of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority denying the petitioner's application for an on-premises liquor license, the New York State Liquor Authority appeals from (1) a decision of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 31, 2022, and (2) a judgment of the same court dated June 8, 2022. The judgment, upon the decision, granted the petition, annulled the subject determination, and directed the New York State Liquor Authority to issue an on-premises liquor license to the petitioner
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the judgment is reversed, on the law, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the New York State Liquor Authority.
The petitioner commenced this proceeding pursuant to CPLR article 78 for a judgment annulling a determination of the New York State Liquor Authority (hereinafter the Liquor Authority) denying the petitioner's application for an on-premises liquor license. In the judgment appealed from, the Supreme Court granted the petition, annulled the determination, and directed the Liquor Authority to issue an on-premises liquor license to the petitioner.
In reviewing the Liquor Authority's determination to deny an application for an on-premises liquor license, the Supreme Court's inquiry was limited to whether such determination was arbitrary and capricious (see Matter of Wager v State Liq. Auth., 4 NY2d 465, 467; Matter of Costco Wholesale Corp. v New York State Liq. Auth., 125 AD3d 775, 775-776). An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Costco Wholesale Corp. v New York State Liq. Auth., 125 AD3d at 776). If the court finds that the determination is supported by a rational basis, then it must sustain the determination even if the court concludes that it would have reached a different result than the one the Liquor Authority reached (see Matter of Pechkam v Calogero, 12 NY3d 424, 431; [*2]Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231).
Where, as here, the premises for which an on-premises liquor license is sought are located within 500 feet of three or more existing premises operating with an on-premises liquor license, the Liquor Authority may not grant such premises an on-premises liquor license unless, after consulting with the local community board and holding a hearing, the Liquor Authority determines that the granting of the license would be in the public interest (Alcoholic Beverage Control Law § 64[7][b], [f]). In determining whether the granting of the license would be in the public interest, the Liquor Authority may consider any or all of certain statutory factors, including "[t]he number, classes and character of licenses in proximity to the location and in the particular municipality or subdivision thereof" and "[t]he history of liquor violations and reported criminal activity at the proposed premises" (id. § 64[6-a][a], [e]).
Here, contrary to the Supreme Court's determination, the Liquor Authority's determination to deny the petitioner's application for an on-premises liquor license based on its finding that the granting of such a license would not be in the public interest had a rational basis. Accordingly, the Liquor Authority's determination should not have been disturbed (see Matter of Rumors Disco v New York State Liq. Auth., 232 AD2d 421, 421).
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court