*382 Burke, J.
This appeal raises the question of whether the courts may in reviewing a determination of the State Liquor Authority granting a package liquor license in a case where it has submitted a complete record and indicated a ‘ ‘ rational basis for its conclusion as to ‘ public convenience and advantage ’ ” (see Matter of Forman v. New York State Liq. Auth., 17 N Y 2d 224, 229) disturb such determination. In our view they may not.
The facts of the instant case are as follows. Respondent Perocier in July of 1966 filed with the New York City Alcoholic Beverage Control Board (the “local board”) an application for a license to operate a package liquor store at a certain address in the Bushwick Avenue section of the Borough of Brooklyn in the City of New York. This is an economically depressed area, suffering all the social ills characteristically found in the modern urban ghetto, including high incidence of crime, juvenile delinquency and alcoholism. Perocier’s application was opposed in letters to the local board by certain neighborhood civic associations and the board, after a hearing, recommended disapproval of his application, stating as one of the grounds for its recommendation that there were already a sufficient number of liquor stores in this ‘ ‘ sensitive area ’ ’. A statutory hearing was thereafter held and, on the basis of the record prepared for the local board and in the statutory hearing, the State Liquor Authority rejected the recommendation of the local board and approved the application.
Following approval of respondent Perocier’s application by the Authority, the petitioner, a package liquor store licensee located in the same neighborhood, commenced this article 78 proceeding to annul the determination of the Authority granting Perocier’s license and to enjoin any future grant of a license at the subject premises. Petitioner prevailed at Special Term, with the court concluding that, while the Authority had submitted a complete record, the record submitted was barren of evidence “ showing that the addition of another liquor store in this neighborhood would in any manner, shape or form promote temperance and respect for law.” The court went on to characterize the Authority’s determination as based upon “biased conclusions ” and the Authority’s “ preconceived determination that public advantage is promoted by unlimited competition *383 regardless of the nature or need of the local community.” On appeal to the Appellate Division, that court reversed Special Term, determining that the Authority had submitted a full record and that this record presented a reasonable basis for the Authority’s decision.
We are in agreement with the Appellate Division that the State Liquor Authority’s determination in this case ought not to have been disturbed. The factors which led the Authority to conclude that the grant of this license would serve “ public convenience and advantage ” are summarized in the affidavit submitted by the Authority’s chairman to Special Term in opposition to petitioner’s application to that court for an order annulling this determination. This affidavit recited how the nearest package liquor store to respondent’s proposed store was 800 feet away, and no other store could be found for 1,500 feet and how licensing a store at this location would ‘ ‘ serve a congested, densely populated neighborhood ’ ’ and enable residents ‘‘ to obtain alcoholic beverages without the necessity of walking a number of blocks or crossing heavily travelled, dangerous thoroughfares.” The record before the Authority was fully sufficient to support these conclusions. On such a record the Authority’s determination may be disturbed only if the courts are to take unto themselves that role which has been delegated by law to the State Liquor Authority. This they may not do.
Appellant-petitioner and the dissenting Judges in this court place great reliance upon Matter of Forman v. New York State Liq. Auth. (supra), but this reliance is misplaced. Chief Judge Desmond’s opinion for the majority in that case at no place intimates that determination of “ public convenience and advantage ” is for the courts. Bather, a careful reading of his opinion there indicates that all that was decided in Matter of Forman was that the Authority must develop a complete record as to such applications and when challenged in court must “ show forth a rational basis for its conclusion as to ‘ public convenience and advantage”’ (see 17 N Y 2d 224, 229; emphasis added). Otherwise, we concluded in Matter of Forman, the right of a competitor to challenge the grant would be meaningless (ibid). Matter of Forman stands for nothing more than this.
The terms, ‘ ‘ public convenience ’ ’ and ‘ ‘ public advantage ’ ’, must have some fixed content, if the right to review is not to be *384 meaningless, but the weight to be accorded either interest and, more fundamentally, the factors to be viewed as furthering one or the other of these interests in a given case are matters delegated to the Authority for decision and, unless its determination is arbitrary or capricious, it may not be disturbed by the courts.
The Authority has, it seems clear from this record, heard and considered the various objections against the licensing of a package liquor store at this location. It has, however, determined that “ public convenience and advantage ” will best be served by the granting of this license. Its determination, based upon the inconvenience and possible risks found by the Authority to residents in the vicinity of respondent Perocier’s proposed store in having to cross heavily trafficked streets and walk many blocks to obtain alcoholic beverages at other licensed premises, a factor which the Authority must and did take into account— along with matters such as the possible hazard to the social and moral well-being of the area through the licensing of an additional liquor store—in making its value judgment, may not be characterized as arbitrary and capricious. Reasonable men might differ as to the wisdom of such a determination, but it is on its face rational. Even further, such a determination, depending as it must upon an analysis of broad, difficult to assess sociological considerations as to the effect upon residents of a neighborhood such as this of additional outlets for the sale of alcoholic beverages, is beyond the competence of courts. Any limitation in this regard, if any is called for, on the Authority’s discretion must of necessity be fashioned by the Legislature.
In addition, it should be noted that there has been a recent change in policy of the State Liquor Authority, consistent with our present legislative policy in favor of greater price competition in the sale of alcoholic beverages, toward licensing more package liquor stores. This, undoubtedly, had a role in respondent Perocier’s success in obtaining his license. As this record makes clear, however, the Authority in this case considered also, as it is required to do, the effect upon ‘ ‘ public convenience and advantage ” of the grant of this particular license. (See Cantlin v. State Liq. Auth., 16 N Y 2d 155, 162-163.) Accordingly, we are of the opinion that the order appealed from should be affirmed, with costs.