In the Matter of Lincoln Park Lanes, Inc., Respondent, v. State Liquor Authority et al., Appellants.

Second Department, March 29, 1971.

*Eli Ratner* (*Emanuel D. Black* of counsel), for appellants.

*O'Donnell & Condon* (*William F. Condon, Jr.,* of counsel), for respondent.

SHAPIRO, J. Since 1960, the petitioner has had an eating place *beer license* for its premises located in Yonkers, Westchester County, pursuant to the provisions of section 55 of the Alcoholic Beverage Control Law.* In 1965 the Assyrian Presbyterian Church bought a building on the same street on which the petitioner's premises are located, which it uses exclusively as a church. The parties agree that the distance between the petitioner's premises and the church building, measured in accordance with the requirements of subdivision 7 of section 64-a, is 88 feet. In 1969 the petitioner applied for an entertainment special on-premises *liquor license.* The Westchester Alcoholic Beverage Control Board recommended disapproval of the application on the ground that the " premises are within 200 feet of a church "; and, after a hearing, the appellant agency, the State Liquor Authority, determining that it had no choice in the matter, disapproved the application as mandatory under subdivision 7 of section 64-a, saying in part: " In view of the foregoing, it is the determination of the Authority that the approval of this application would contravene the provisions of the Alcoholic Beverage Control Law prohibiting the approval of an application for a liquor license for premises on the same street or avenue and within 200 feet of a building occupied exclusively as a church, as well as the intent and purpose of such provisions; that the disapproval of this application is mandated by the Alcoholic Beverage Control Law; and that accordingly, public convenience and advantage would not be served by the approval of this application."

In this proceeding pursuant to article 78 of the CPLR the Special Term held that, since the petitioner was the holder of a beer license before the church moved within the statutory 200-foot area, it was entitled to " a renewal license ", which " embraces a beer, wine, or liquor license ", because " no license shall be denied to any premises at which a license has been in existence, and since petitioner had a license in 1960 and the church did not occupy a building within 200 feet until 1965, it is apparent that petitioner is entitled to a Special On-Premises Liquor License."

---

* All references to sections of statute in this opinion, unless otherwise noted, are to provisions in the Alcoholic Beverage Control Law.

The question for determination here is whether the Authority was correct in holding that it was powerless to grant the petitioner's application for an entertainment special on-premises liquor license because of the mandatory provisions of subdivision 7 of section 64-a, which, so far as are here applicable, read: "No special on-premises license shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the nearest entrance of such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed; *except that no license shall be denied to any premises at which a license under this chapter has been in existence continuously from a date prior to the date when a building on the same street or avenue and within two hundred feet of said premises has been occupied exclusively as a school, church, synagogue or other place of worship* " (emphasis supplied).

Relying upon the emphasized portion of the statute above set forth, the petitioner contends that it had a license, albeit a beer license, "under this chapter" which "has been in existence continuously from a date prior to the date" when the church moved within the 200-foot area and that therefore it is entitled to a liquor license, since that too is a license under "this chapter."

The Special Term, in upholding the petitioner's contention, relied upon *Matter of Marchi's Rest.* v. *Hostetter* (21 A D 2d 214, affd. 15 N Y 2d 827) and *Matter of St. Francis Commandery No. 102, Knights of St. John of Albany* v. *State Liq. Auth.* (27 A D 2d 888).

The facts in the *Marchi* case are clearly distinguishable. There, the petitioner was the owner of the licensed premises since 1933; in 1946 it obtained an eating place beer license pursuant to the provisions of section 55 and in 1949 it obtained *a wine and beer license.* In 1963 the petitioner's application for a liquor license was disapproved by the Authority in reliance upon the provisions of subdivision 7 of section 64, which prohibited the issuance of such a license for premises within 200 feet of a church. The *ratio decidendi* of the prevailing opinion in the Appellate Division in that case for sustaining the petition seeking the issuance of a liquor license was that, since " the Legislature made no distinction between wine and liquor in imposing the [200-foot area] restriction " (p. 216, bracketed matter added), and the petitioner " is eligible for a retail on-premises wine license, it should also be eligible for a retail on-premises liquor license " (p. 217). *That is all that the Marchi case*

*decided.* True it is that the majority opinion stated that " ' a license under this chapter ' * * * embraces a beer, wine or liquor license " and that therefore " any one of the said licenses serves to qualify for exemption " (p. 217). That conclusion, however, was pure dictum and was not essential to the court's determination that, since the " petitioner is eligible for a retail on-premises wine license, it should also be eligible for a retail-on-premises liquor license " (p. 217).

The no-opinion affirmance of *Marchi* by the Court of Appeals does not necessarily constitute approval by that court of every statement contained in the opinion of the Appellate Division, for, as has been said by the Court of Appeals, such an affirmance " does not mean that we have adopted the opinion of the court below in its entirety " (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29, 44; *Commissioner of Public Welfare of City of N. Y.* v. *Jackson,* 265 N. Y. 440; *Massey* v. *Globe and Rutgers Fire Ins. Co.,* 274 N. Y. 489).

In the other authority relied upon by the Special Term (the *St. Francis* case, *supra*), the application was for a club liquor license. The license which the applicant held at the time was a club beer license. There, too, the Liquor Authority disapproved the application in reliance upon the 200-foot restriction contained in subdivision 7 of section 64. In setting aside the Authority's ruling and holding that the statute was not a bar to the expansion of the beer license into a liquor license, the court in *St. Francis* relied heavily on the dictum in *Marchi* (*supra*), which, as we have pointed out, was not basic to the decision in that case — and upon the additional assumption that the 200-foot restriction was also applicable to the issuance of a beer license. However, there is no statute that prohibits the Authority from issuing a beer license to an applicant no matter how close to a school, church, synagogue or other place of worship his premises may be situated; and that is true even if the applicant has no existing beer license and first applies for one at a time when one of the enumerated institutions is within 200 feet of his premises. The only restrictions of sites for on-premises consumption are subdivision 7 of section 64 and subdivision 7 of section 64-a, both of which apply to liquor, and section 80, which applies to wine.

Thus, the foundation for the *St. Francis* decision rests on the obiter dictum in the *Marchi* case and its invalid assumption that there is a statutory 200-foot bar to the issuance of a beer license.

If the *St. Francis* case was correctly decided, then the decision here about to be made is erroneous, because factually they are indistinguishable, for there, as here, the licensee had a viable beer license when it applied for a liquor license for its premises

after one of the protected institutions (a school there, a church here) had moved within the proscribed 200-foot area.

Since section 2 tells us that " restrictions, regulations and provisions contained in this chapter are enacted by the legislature for the protection, health, welfare and safety of the people of the state ", and because " it is fundamental that regulations by way of exceptions in respect to churches and schools must be liberally construed in their favor " (*Matter of Trustees of Calvary Presbyterian Church* v. *State Liq. Auth.*, 245 App. Div. 176, 178, affd. 270 N. Y. 497), it seems clear that the Legislature never intended that an existing beer license could be used as a vehicle to circumvent the statutory 200-foot distance restriction applicable to wine and liquor licenses, which the Special Term permitted by its direction to the Authority to issue a retail liquor license to the petitioner in place of his beer license.

In construing a statute " courts will reject the literal meaning of words to conserve the spirit and intent of an act over the mere letter " (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 145) ; and " if a fair construction can be found which gives force to the whole act and to the legislative intent, and does not work an injustice, it must necessarily be adopted " and " the courts will disregard the letter of the law and follow its spirit when the letter causes hardship or injustice " (*ibid.* § 146).

Interpreting the statute here under consideration in that spirit, and remembering that " this chapter shall be so construed as to assure that the policy of the state and the intent and purpose thereof will be carried out " (§ 160), we hold that, when subdivision 7 of section 64-a directs " that no license shall be denied to any premises at which a license under this chapter has been in existence ", it means that no licensee shall be denied an extension of the same kind of license he then holds because " a school, church, synagogue or other place of worship " has moved into the 200-foot area. Any other holding would equate a beer license with a wine or liquor license merely because each is a license. It would be like saying that a 1-dollar bill and a 10-dollar bill are the same because they are both currency.

Accordingly, the judgment should be reversed, on the law, with costs, the petition dismissed on the merits and the Authority's determination confirmed.

HOPKINS, Acting P. J., CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Judgment reversed, on the law, with costs, petition dismissed on the merits and determination confirmed.