■ In the Matter of G.J. & S. PIZZA, INC., Respondent, v EDWARD J. McLAUGHLIN et al., Individually and Constituting the New York State Liquor Authority, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority (the authority) denying petitioner's application for a new eating place beer license, the appeal is from a judgment of the Supreme Court, Queens County, dated September 28, 1979, which granted the petition, annulled the authority's determination, and directed the authority to issue the license to petitioner, upon the filing of the proper fee and bond. Judgment affirmed, without costs or disbursements. Petitioner, as owner and operator of a restaurant-pizzeria located at 138-12 Northern Boulevard, Queens, applied to the State Liquor Authority for a new eating place beer license. The New York City Alcoholic Beverage Control Board (the local board), in the course of investigating this application, notified the principal of Flushing High School, which was across the street from petitioner's premises, that such an application had been filed. The local board solicited the principal's objections, if any, to the issuance of an eating place beer license to petitioner. The principal responded in writing and expressed his strong disapproval of the issuance of such a license. He charged that the restaurant-pizzeria was a "hang out" for students before, during and after school, and that to allow petitioner to sell beer, "a major drug of choice for adolescents", would create serious problems of security, discipline and environmental pollution at the school. The Parent-Teachers' Association also submitted a letter to the local board echoing the principal's objections. In a letter to the local board, dated November 22, 1978, petitioner's attorney responded to the foregoing objections. He stated that his client's application should not be denied since, within 200 feet of Flushing High School, there was a Chinese restaurant with a liquor license and a delicatessen with a beer license. He further stated that because most of the students at the school were not, as yet, 18 years old, most were forbidden by law to purchase alcoholic beverages, and that his client would never sell beer to a minor. Moreover, petitioner's attorney represented to the local board that to avoid any possibility of selling beer to a minor the restaurant-pizzeria would refrain from selling beer to any student of Flushing High School. On December 22, 1978, the local board recommended that petitioner's application be approved. None-

theless, on January 19, 1979, Roman S. Lapinski, deputy commissioner of the authority's license bureau, referred the application to the members of the authority for direction, in view of the objections raised by the principal and Parent-Teachers' Association of Flushing High School. On January 31, 1979 the authority disapproved the petitioner's application, finding that the restaurant-pizzeria was located approximately 190 feet from one of the school's walkways, and that students frequented the premises before, during and after school hours. It concluded that such an establishment tends to attract a youthful clientele and, in effect, agreed with the principal that granting petitioner a beer license would create problems of security, discipline and environmental pollution. Therefore, the authority determined that public convenience and advantage would not be promoted by approval of the application. Thereafter, petitioner commenced the instant CPLR article 78 proceeding to review the authority's determination. The petition averred, *inter alia,* that the authority's determination was arbitrary and capricious and that: (1) the subject property was not within 200 feet of Flushing High School; (2) petitioner never permitted patrons to congregate on its premises; (3) the authority unjustly concluded that petitioner would violate the law by selling beer to minors; and (4) within 200 feet of the school there were two other establishments with licenses to sell alcoholic beverages. In its answer, the authority denied the material allegations of the petition and averred, *inter alia,* that disapproval of petitioner's application was a discretionary act of the authority in accordance with its power under sections 2, 17 and 55 of the Alcoholic Beverage Control Law, and that its determination was neither arbitrary nor capricious. Said determination was not made on conjecture, but upon the evidence produced, which was carefully examined, and upon the authority's informed judgment. In petitioner's reply, it was contended that the principal of Flushing High School had never visited the subject premises, rendering his objections to the issuance of the beer license factually baseless and speculative. Finally, petitioner argued that, in violation of subdivision 7 of section 64-a of the Alcoholic Beverage Control Law, the investigator from the local board had erroneously measured the distance between the restaurant-pizzeria and Flushing High School. Instead of measuring from the center of petitioner's doorway to the center of the walkway leading to the main and only entrance to the school, the investigator measured the distance to one of the school's gates that had been locked and in complete disuse for years. The former distance measured 340 feet, the latter 190 feet. In a decision dated September 10, 1979 Special Term held that the petition should be granted, finding that the authority's main reason for disapproving petitioner's application had been the proximity of Flushing High School. Special Term, noting that the authority had considered the protests from the high school's principal and Parent-Teachers' Association, found these protests not to have been based in fact. Finally, it concluded that since two other establishments, equally accessible to the students of the school, had been granted licenses to sell alcoholic beverages, the authority's denial of petitioner's application was arbitrary and capricious, and warranted annulment. At issue on appeal is whether the authority acted in an arbitrary and capricious manner in disapproving petitioner's application. We answer this question in the affirmative. Initially, it must be observed that petitioner sought an eating place beer license under section 55 of the Alcoholic Beverage Control Law. It was conceded at oral argument by the authority's appellate counsel that the restrictions of subdivision 7 of section 64-a of the Alcoholic Beverage Control Law do not apply to the issuance of beer licenses under section 55. As was held in *Matter of Lincoln Park Lanes*

*v State Liq. Auth.* (36 AD2d 188, 191, affd 31 NY2d 1009 on the opn at the App Div): "There is no statute that prohibits the Authority from issuing a beer license to an applicant no matter how close to a school, church, synagogue or other place of worship his premises may be situated". Therefore, since proximity to a school, per se, is not a statutory reason for disapproving an application for an eating place beer license, the authority exceeded its discretion in basing its determination in the instant matter on a finding that petitioner's establishment was located in close proximity to Flushing High School. (Cf. *Matter of Circus Disco v New York State Liq. Auth.,* 51 NY2d 24.) The remainder of the authority's determination was based on predictions by the principal and Parent-Teachers' Association of Flushing High School that major problems of security, discipline and environmental pollution would develop due to petitioner's sale of beer to students, presumably in violation of the law. These predictions were strictly the products of speculation. This record is completely devoid of any evidence that petitioner's restaurant-pizzeria has in the past been the source of or contributed to any of the problems cited by the principal or Parent-Teachers' Association, nor is there any evidence to support a conclusion that petitioner would violate the law in the future. The following statement in *Matter of Circus Disco v New York State Liq. Auth. (supra,* pp 35-36) could readily be applied to the case at bar: "Based so far as the record reveals, solely on the concerns expressed by residents and community leaders and without any factual data contravening petitioner's presentation, the application has been rejected. Denial of a license on the speculation that it will be operated in violation of law is impermissible *(Matter of Sled Hill Cafe v Hostetter,* 22 NY2d 607, 612-613; *Matter of Santini Rest. v State Liq. Auth.,* 32 AD2d 514). The likelihood of future violation can furnish a basis for denial only when there are facts in the record which rationally support doing so *(Matter of Matty's Rest. v State Liq. Auth.,* 21 AD2d 818, affd 15 NY2d 659; *Matter of Olympia Rest. Corp. v O'Connell,* 199 Misc 397, affd 278 App Div 925, affd 303 NY 780). Here there are none." It should also be pointed out that the Court of Appeals in *Circus Disco* was confronted with a decision-making process by the authority similar to the one in the instant matter. There, as here, public opinion strongly opposed the authority's issuance of a license to a particular applicant. Letters of protest were received and considered by the authority. And the adverse public opinion in *Circus Disco,* as in the case at bar, was given weight and affected the authority's final determination. This was condemned by the Court of Appeals, holding (p 38) that "While it is not always inappropriate for the authority to receive the views of others [citations omitted], the authority cannot deny an application without a reason other than the recommendation or views thus expressed". Finally, it must be observed that in its notice of the disapproval of petitioner's license application the authority did not mention the fact that two other establishments, in as close proximity to Flushing High School as petitioner's restaurant-pizzeria, had been licensed to sell alcoholic beverages. No attempt was made to distinguish petitioner's restaurant-pizzeria from these other two establishments, and no attempt was made to explain why petitioner was treated differently. There being no rational reason to support this differential treatment, it can only be concluded that the authority's action in denying petitioner an eating place beer license was arbitrary and capricious. (See *Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217, affd 32 NY2d 796; *Matter of Fitzgerald v State Div. of Dept. of Public Serv. of State of N. Y.,* 262 App Div 393, 397.) Accordingly, for all of the foregoing reasons, the authority's determination

was properly annulled by Special Term, whose judgment should be affirmed. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.