■ In the Matter of ALEXANDER KARTEN, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered December 2, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Liquor Authority disapproving petitioner's application for a hotel liquor license. In October, 1980, petitioner filed an application for a hotel liquor license for hotel premises in Haines Falls, Greene County, which was solely owned by him. The local county board recommended approval without a formal hearing on the basis of the application. Respondent denied the application and upon reconsideration, adhered to its initial determination. The reasons given for disapproval were petitioner's ownership of New York City property in which an unlicensed social club was permitted to be operated; his lack of proper respect for and inability or unwillingness to strictly comply with the Alcoholic Beverage Control Law; and that he is "not a fit or proper person to be licensed". Special Term dismissed the petition, citing petitioner's lack of co-operation with respect to the investigation into the illegal activity conducted on his premises, and concluded that his lack of co-operation severely hindered the attempts of the authorities to close down the operation. This appeal ensued. Petitioner, contending that the determination, which was made without a hearing, was based on factual assumptions and conclusions unsupported in the record, relies principally on *Matter of Sled Hill Cafe v Hostetter* (22 NY2d 607). Unlike in *Matter of Sled Hill Cafe,* the record here contains substantial evidence that petitioner failed to co-operate with the authority over a period of three years in its efforts to prosecute his tenants who were conducting an illegal social and gambling club on his property. Respondent correctly asserts the rule limiting the review role of the courts. In *Matter of Sinacore v New York State Liq. Auth.* (21 NY2d 379, 383), the court stated: "The record before the Authority was fully sufficient to support these conclusions. On such a record the Authority's determinaton may be disturbed only if the courts are to take unto themselves that role which has been delegated by law to the State Liquor Authority. This they may not do." While it is true that denial of a license on the speculation that the premises it pertains to will be operated in violation of the law is impermissible (*Matter of Circus Disco v New York State Liq. Auth.,* 51 NY2d 24, 35-36), we find that the record here adequately supports respondent's exercise of discretion and its independent judgment "that approval of the application would create a substantial degree of risk and hazard in the

administration and enforcement of the law; that it would not be conducive to proper regulation and control; and, that public convenience and advantage would not be promoted by such approval". Our inquiry is limited to a determination as to whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion (see *Matter of Sled Hill Cafe v Hostetter, supra; Matter of Wager v State Liq. Auth.*, 4 NY2d 465, 468). Special Term, relying upon *Matter of Pasta Chef v State Liq. Auth.* (54 AD2d 1112, affd 44 NY2d 766), could not say that the determination to deny the application lacked a rational basis. The late Justice Ellis J. Staley, Jr., writing for this court, held: "Whether the action of the Authority in disapproving an application for a license is arbitrary or capricious is determined by resort to the established principles of law governing judicial review; namely, that in the absence of clear and convincing proof, that an administrative body has acted without reasonable basis, its determinations will be sustained, even though a court might be inclined to feel that it would itself have arrived at a different result" (*Matter of Rios v State Liq. Auth.*, 32 AD2d 995, 996). We find no reason in this record to hold that respondent's determination was arbitrary, capricious or irrational. Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.