In the Matter of CELESTIAL FOOD CORP. OF CORAM, INC., Doing Business as NATHAN'S FAMOUS RESTAURANT, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.

Second Department, February 6, 1984

APPEARANCES OF COUNSEL

*Stanley Stein* (*Joseph S. Ryan* of counsel), for appellant.

*Jacobson & Goldberg* (*Richard Schnoll* of counsel), for respondent.

OPINION OF THE COURT

TITONE, J. P.

The sole issue on this appeal is whether the determination of the appellant Liquor Authority requiring the petitioner to permanently seal access to an unlicensed game room as a condition to the issuance of an eating place beer license is arbitrary and capricious. Inasmuch as it cannot be said that the imposition of such a condition is without sound basis in reason and without regard to the

facts, its determination should be upheld (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Petitioner, Celestial Food Corp. of Coram, Inc., operates a "Nathan's Famous Restaurant" in Coram, New York. Appellant's investigator reviewed petitioner's license application and submitted a report noting that petitioner had subleased a portion of the building as an amusement arcade and that the only entrance to the game room was from the restaurant. He recommended approval "[e]xcept for the arcade situation". Appellant thereupon approved the application "subject to permanently sealing access to [the] unlicensed game room".

Claiming that compliance with this condition would violate local building and fire ordinances, petitioner sought reconsideration. Following appellant's adherence to its initial determination, petitioner again sought reconsideration, submitting a copy of a rider to a lease agreement between itself, as landlord, and the operator of the unlicensed game room which provided, in essence, that no consumption of food or beverage would be permitted on the demised premises and that both the landlord and tenant had an affirmative obligation to enforce this covenant. This rider was dated February 4, 1982, which was subsequent to the conditional approval.

Appellant, denying reconsideration, found that the newly executed rider "is not sufficient new information". It explained that, insofar as compliance with local laws was concerned, petitioner need only "install additional means of egress from the premises to be licensed and from the amusement arcade". This CPLR article 78 proceeding followed.

██ Special Term found the condition to be based "on speculation or supposition of future problems" and an unconstitutional denial of equal protection of the law. Reliance was placed upon affidavits submitted by petitioner's attorney in which it was stated that other Nathan's establishments which have attached game rooms were issued licenses without the imposition of a sealing requirement. We reverse.

██ At the outset, it is clear that the attorney's affidavits must be disregarded. Judicial review of administrative

action is limited to the facts and record adduced before the agency when the determination was made (*Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863; *People ex rel. Martinez v Walters,* 99 AD2d 476). Constitutional objections must be raised at the administrative level or they are not available to attack the determination in subsequent judicial proceedings (*Matter of Leogrande v State Liq. Auth.,* 19 NY2d 418, 425; cf. *Matter of Hopkins v Blum,* 58 NY2d 1011; *Matter of Herman v Blum,* 54 NY2d 677; *Matter of Sowa v Looney,* 23 NY2d 329). Thus, the purported "proof" dehors the record should not have been considered by Special Term and must be disregarded by us on appeal (*Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 58 NY2d 952, affg 90 AD2d 756, 757).*

■ On the merits, we find the condition imposed by appellant to be entirely reasonable. It should be self-evident that the attractions featured in the arcade area will be patronized by many youths below the legal drinking age. In imposing the condition of which petitioner complains, appellant is merely undertaking to retain some measure of control. Since there is no inherent right to engage in the business of selling intoxicating liquors, appellant did not have to accept petitioner's solution to a problem that all parties recognized would be evolving. Quite simply, appellant could deem the rider to the lease and any arrangements between the petitioner and its tenant to be an incomplete remedy. Thus, there is a reasonable basis for appellant's determination (*Matter of Sinacore v New York State Liq. Auth.,* 21 NY2d 379, 383; *Matter of Wager v State Liq. Auth.,* 4 NY2d 465; *Matter of Karten v New York State Liq. Auth.,* 89 AD2d 728, mot for lv to app den 57 NY2d 736).

---

* A failure to present the issue to the administrative agency will not bar an attack on the constitutionality of the statute under which the agency acted or on the theory that the agency acted in excess of its powers (see, e.g., *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52). But any claim which turns upon the facts of the particular case must first be raised at the agency level irrespective of whether or not it is dressed in constitutional garb (see *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376; 3 Davis, Administrative Law, § 20.06, p 96).

Of course, if upon judicial review, facts which were developed by ex parte investigation are challenged, "the court may properly order a factual hearing for determination of the underlying facts upon which * * * [the agency's] conclusions were founded" (*Matter of Pasta Chef v State Liq. Auth.,* 54 AD2d 1112, affd 44 NY2d 766; see, also, *Matter of Rochester Colony v Hostetter,* 19 AD2d 250, 253; *Matter of Canada Dry Bottling Co. v O'Connell,* 308 NY 778). That is not the case here.

This case hardly involves the type of "speculative inferences" which warranted judicial interference in *Matter of Sled Hill Cafe v Hostetter* (22 NY2d 607, 612), and *Matter of G. J. & S. Pizza v McLaughlin* (78 AD2d 653, 655). Common sense tells us, as it did appellant, that game rooms attract teen-agers and teen-agers in such circumstances will attempt to obtain beer notwithstanding statutory prohibitions (see *Sherrer v Sherrer,* 334 US 343, 366 [FRANKFURTER, J., dissenting]). Indeed, in this case "this Court should not be ignorant as judges of what we know as men" (*Watts v Indiana,* 338 US 49, 52).

That *all* youths bent upon illegally obtaining beer will not be deterred cannot be the criterion for measuring the rationality of the agency's action. If that were so, then no administrative determination could ever stand. It is enough that *some* will be deterred and, on this score, deference to the expertise of the agency is warranted (cf. *Matter of Sinacore v New York State Liq. Auth., supra; Matter of Karten v New York State Liq. Auth., supra*).

To the extent that petitioner claims that sealing of access would violate local ordinances, it need only be observed that, as appellant advised the petitioner, the objection can be obviated simply by altering the plans of the proposed premises to include an additional fire exit from the main dining room. This, too, hardly smacks of an arbitrary imposition.

For these reasons, the judgment appealed from should be reversed, with costs, and the proceeding dismissed.

THOMPSON, RUBIN and BOYERS, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered August 6, 1982, reversed, on the law, with costs, determination confirmed insofar as reviewed, and proceeding dismissed on the merits.