Matter of Urbanite Wine Merchants, Inc. v New York State Liq. Auth. (2020 NY Slip Op 07684)





Matter of Urbanite Wine Merchants, Inc. v New York State Liq. Auth.


2020 NY Slip Op 07684


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 101858/19 Appeal No. 12678 Case No. 2020-03014 

[*1]In the Matter of Urbanite Wine Merchants, Inc., Petitioner-Respondent,
v
New York State Liquor Authority, Respondent-Appellant.


Gary Meyerhoff, New York State Liquor Authority, New York (Mark D. Frering of counsel), for appellant.
Mehler & Buscemi, New York (Martin P. Mehler of counsel), for respondent.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered January 29, 2020, granting the petition to vacate and annul the determination of respondent New York State Liquor Authority (SLA), dated November 12, 2019, which disapproved petitioner's application for a retail liquor license for off-premises consumption, and ordering that a license be issued, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding brought pursuant to CPLR article 78, dismissed, without costs.
SLA's determination to disapprove the application of petitioner had a rational basis, was not arbitrary and capricious, and should not have been disturbed. On this record, SLA rationally concluded that petitioner failed to demonstrate that the issuing of a license would serve the "public convenience and advantage" in accordance with Alcoholic Beverage Control Law § 63(6), where there were four preexisting liquor stores within 0.3 miles of petitioner's proposed new store (0ne of which was licensed earlier the same year), there was no evidence of increased demand for alcoholic beverages based upon population or revenue reports from nearby stores, and no showing that the public was not being adequately served by the existing stores (see Matter of Sinacore v New York State Liq. Auth ., 21 NY2d 379 [1968]; Matter of One St. Mark's Place Wines & Liqs. v New York State Liq. Auth ., 82 AD2d 734 [1st Dept 1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020