Matter of Gunhill Liq. Warehouse Corp. v New York State Liq. Auth. (2022 NY Slip Op 05949)

Matter of Gunhill Liq. Warehouse Corp. v New York State Liq. Auth.

2022 NY Slip Op 05949

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 155719/21 Appeal No. 16536 Case No. 2022-01372 

[*1]In the Matter of Gunhill Liquor Warehouse Corp., Petitioner-Appellant,
v
New York State Liquor Authority, Respondent-Respondent.

Ikhilov & Associates, Brooklyn (Andrei A. Popescu of counsel), for appellant.
Michael Ammirato, Acting General Counsel, New York State Liquor Authority, New York (Lawrence Schwartz of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Arthur Engoron, J.), entered on or about September 23, 2021, denying the petition to annul the determination of respondent New York State Liquor Authority (NYSLA), dated March 12, 2021, which denied petitioner's application to expand its premises, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
NYSLA's determination disapproving the alteration application by petitioner, a liquor store, had a rational basis was not arbitrary and capricious, as petitioner failed to demonstrate that expanding the existing retail space of its store would serve the "public convenience and advantage" in accordance with Alcoholic Beverage Control Law § 63(6). The reported gross sales numbers of the closest existing stores showed that the issuance of the applicant's liquor license in 2017 affected sales of and demand for alcoholic beverages in the area; indeed, many of the nearest stores' sales numbers were less than they had been in 2016. Furthermore, there was no evidence of an increase in the area's population, and existing stores were adequately serving the current residents, with the closest store 0.4 miles away and four stores within 0.9 miles. NYSLA also stated that it reviewed the sales numbers that petitioner had submitted but gave them little weight because, as petitioner admitted, the liquor store was a shopping destination, drawing customers from well beyond the neighborhood. Thus, NYSLA rationally determined that an increase in petitioner's retail space was not necessary to meet the demand for alcoholic beverages in the community (see Matter of Urbanite Wine Merchants, Inc. v New York State Liq. Auth., 189 AD3d 593, 594 [1st Dept 2020]; cf. Matter of Sinacore v New York State Liq. Auth., 21 NY2d 379, 384 [1968]). The requested alteration would also have increased the licensed retail space by 65 percent, from 1377 feet to 2275 feet, which was close to the size that petitioner had asked for in a prior application that NYSLA rejected.
In addition, the determination was not ultra vires, nor did NYSLA engage in de facto rule making in reaching it. On the contrary, the determination comported with NYSLA Advisory 2021-4, which, in offering guidance regarding liquor store alteration applications, memorialized practices that already existed under Alcoholic Beverage Control Law §§ 63(6) and 111.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022